Daniel I. Rubin
THE WOLF LAW FIRM, LLC
1520 U.S. Highway 130 – Suite 101
North Brunswick, NJ  08902
(732) 545-7900 - Phone
(732) 545-1030 – Fax
drubin@wolflawfirm.net

Lawrence C. Hersh
17 Sylvan Street
Suite 102B
Rutherford, New Jersey  07070
Tel:  (201) 507-6300
Fax: (201) 507-6311

*Attorneys for Plaintiff on behalf of herself
and those similarly situated*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LUZVIMID NEPOMUCENO, on behalf of herself and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC. and JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT** |

### NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of herself and others similarly situated for damages and other relief arising from the Defendant's violations of 15 U.S.C. § 1692 et seq., the Fair Debt Collection Practices Act (hereinafter, FDCPA).

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter alleging violations of the FDCPA, 15 U.S.C. § 1692 et seq., pursuant to 15 U.S.C. § 1692k(d).

3. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage.

**PARTIES**

4. Plaintiff Luzvimid Nepomuceno (hereinafter, Nepomuceno or Plaintiff) resides in Hackensack, New Jersey.

5. Midland Credit Management, Inc. (hereinafter, MCM or Defendant) is an out-of-state corporation located at 8875 Aero Drive, Suite 200, San Diego, California 92123.

6. Defendants John Does 1 to 10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

**ALLEGATIONS OF FACT**

7. Defendant sent a communication to Nepomuceno dated September 14, 2013 attempting to collect an amount allegedly due to Midland Funding, LLC (the "alleged debt").

8. The September 14, 2013 communication was identified as a "Statement."

9. A redacted copy of the Statement is attached hereto as

**Exhibit A** and is referenced in this Complaint as the "September 14, 2013 Statement".

10.  Nepomuceno received the September 14, 2013 Statement.

11.  The September 14, 2013 Statement contained many items of information including:

>   MCM Account #:   xxxxxxx455
>   Original Account #:   XXXXXXXXXXXXX917
>   STATEMENT DATE: 09-14-2013
>   Due Date: 10-29-2013
>   Current Owner:  Midland Funding LLC
>   Original Creditor:  Citibank, N.A.
>   Previous Balance:   $7,688.53
>   Interest Rate:  6%
>   Accrued Interest:  $231.27
>   Current Balance:   $7,919.80

12.  The September 14, 2013 Statement also contained the following statement under "Transactions":

>   "The above-referenced account was purchased by Midland Funding LLC and is serviced by Midland Credit Management, Inc. ("MCM").  The balance of $7,919.80 is due now."

13.  The phrase "Due Date" with the date of October 29, 2013 appears two separate times in the September 14, 2013 Statement.

14.  There is no factual or legal basis for MCM's use of the phrase "Due Date" in the September 14, 2013 Statement.

15.  There is no factual or legal basis for MCM to assert a "Due Date" of October 29, 2013 in the September 14, 2013 Statement.

16.  MCM asserted that it was entitled to recover interest on the alleged balance of the alleged debt.

17.  Upon information and belief, MCM did not possess a license

required by the State of New Jersey before making collection attempts against Plaintiff and others similarly situated.

18. Upon information and belief, Midland Funding LLC did not possess a license required by the State of New Jersey before MCM made collection attempts against Plaintiff and others similarly situated.

19. Upon information and belief, MCM did not possess a license from the New Jersey Department of Banking and Insurance before making collection attempts against Plaintiff and others similarly situated.

20. Upon information and belief, Midland Funding LLC did not possess a license from the New Jersey Department of Banking and Insurance before MCM made collection attempts against Plaintiff and others similarly situated.

21. Upon information and belief, MCM did not possess a license required by the State of New Jersey necessary to charge and collect interest before making collection attempts against Plaintiff and others similarly situated.

22. Upon information and belief, Midland Funding LLC did not possess a license required by the State of New Jersey necessary to charge and collect interest before MCM made collection attempts against Plaintiff and others similarly situated.

23. As MCM did not possess a required license by the State of New Jersey, MCM is not entitled to collect interest or any

payment for any consumer loan.

24. As Midland Funding LLC did not possess a required license by the State of New Jersey, MCM is not entitled to collect interest or any payment for any consumer loan.

25. MCM made attempts in New Jersey to collect interest on more than 100 consumer accounts within the period beginning on the day one year prior to the date this complaint is filed to the present.

26. MCM made attempts in New Jersey to collect interest from more than 100 consumers within the period beginning on the day one year prior to the date this complaint is filed to the present.

27. MCM sent "statements" to more than 100 consumers within the period beginning on the day one year prior to the date this complaint is filed to the present, the same or substantially similar to the September 14, 2013 Statement.

28. MCM sent "statements" to more than 100 consumers within the period beginning on the day one year prior to the date this complaint is filed to the present, which contained the phrase "Due Date."

29. MCM sent "statements" to more than 100 consumers within the period beginning on the day one year prior to the date this complaint is filed to the present, which contained a date for the "Due Date."

30. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken

the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

31. Defendant regularly collects or attempts to collect debts due or alleged to be due another.

32. Defendant regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another.

33. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, which debts were incurred primarily for personal, family or household purposes.

34. Defendant uses the mail, telephone or other instruments of interstate commerce in its attempts to collect debts due or alleged to be due another.

35. Defendant uses the mail, telephone or other instruments of interstate commerce in its attempts to collect consumer debts owed or due or asserted to be owed or due another.

36. Defendant uses the mail, telephone or other instruments of interstate commerce in its attempts to collect debts owed or due or asserted to be owed or due another, which debts were incurred primarily for personal, family or household purposes.

37. Defendant is a "debt collector" within the scope of the definition contained in 15 U.S.C. § 1692a(6) and interpretations

thereof.

38. Nepomuceno is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

39. The debts alleged to be owed by the Plaintiff and others similarly situated are consumer debts as defined by the FDCPA.

40. Plaintiff and others similarly situated are consumers as they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

## **CLASS ACTION ALLEGATIONS**

41. This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of herself and others similarly situated. Plaintiff seeks certification of a Class initially defined as follows:

> All New Jersey consumers to whom Defendants sent, within the appropriate statutory period, a communication the same as Exhibit A or a substantially similar communication in violation of 15 U.S.C. § 1692 et seq. (FDCPA).

42. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

43. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

44. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

   A. Whether Defendant is a debt collector under the FDCPA;

   B. Whether Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(6) 15 U.S.C. § 1692e(9), 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692e(12);

   C. Whether MCM's use of the phrase "Due Date" is deceptive and/or would cause the least sophisticated consumer to become confused;

   D. Whether Midland Funding or MCM is required to possess a license in order for MCM to attempt collection of interest from Plaintiff and those similarly situated;

   E. Whether the communications sent by Defendants were deceptive or would cause the least sophisticated consumer to become confused; and

   F. Whether Plaintiff and the Class are entitled to damages.

45. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

46. The claims of the Plaintiff are typical of the claims of the members of the Class.

47. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only

individual members.

48. Plaintiff does not have interests antagonistic to those of the Class.

49. The Class, of which Plaintiff is a member, is readily identifiable.

50. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

51. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

52. Plaintiff does not anticipate any difficulty in the

management of this litigation.

**FIRST CLASS COUNT**
**(Fair Debt Collection Practices Act Violations)**

53. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

54. Defendant violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications sent to Plaintiff and others similarly situated.

55. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

56. Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications sent to Plaintiff and others similarly situated.

57. Defendant's "Statement" would cause the least sophisticated consumer to be confused as to whether MCM was collecting for a creditor which would not be covered by the FDCPA.

58. Defendant's use of the phrase "Due Date" violates 15 U.S.C. § 1692e of the FDCPA by using a false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

59. Defendant's use of the phrase "Due Date" would cause the

least sophisticated consumer to be confused as to whether payment was actually due by the date and if so, what the consequence would be for non-payment.

60. Defendant's use of the phrase "Due Date" with a specific date violates 15 U.S.C. § 1692e of the FDCPA by using a false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

61. Defendant violated 15 U.S.C. 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of any alleged debt in its collection letters to Plaintiff and others similarly situated.

62. Defendant violated 15 U.S.C. 1692e(2)(B) of the FDCPA by falsely representing the compensation which may be lawfully received in its collection letters to Plaintiff and others similarly situated.

63. Defendant violated 15 U.S.C. § 1692e(6) of the FDCPA by falsely representing and/or implying that a sale or other transfer of any interest in the alleged debts caused Plaintiff and others similarly situated to lose any claim or defense to payment.

64. Defendant violated 15 U.S.C. § 1692e(10) of the FDCPA by using false representation or deceptive means to collect or attempt to collect a debt from Plaintiff and others similarly

situated.

65. Defendant violated 15 U.S.C. § 1692e(12) of the FDCPA by falsely representing and/or implying that the debts it was attempting to collect from Plaintiff and others similarly situated had been turned over to innocent purchasers for value.

66. The violations of the FDCPA described herein constitute *per se* violations.

**WHEREFORE,** Plaintiff, on behalf of herself and others similarly situated, demands judgment against the Defendant as follows:

A. For declaratory judgment that Defendant violated the FDCPA (15 U.S.C. § 1692 et seq.);

B. For certification of this matter as a class action, appointing the named Plaintiff as representative of the class, and appointing Andrew R. Wolf, Esq., Daniel I. Rubin, Esq., and Glen H. Chulsky, Esq. of the Wolf Law firm, LLC and Lawrence C. Hersh, Esq. as class counsel;

C. For maximum statutory damages under the FDCPA (15 U.S.C. § 1692 et seq.) and all other applicable statutes;

D. For reasonable attorneys' fees and costs of suit in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3) and all other applicable statutes;

E. For pre-judgment and post-judgment interest; and

    F. For such other and further relief as Plaintiff and others similarly situated may be entitled or as the Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues subject to trial.

## CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

                                      *s/ Daniel I. Rubin*
                                      Daniel I. Rubin
                                      The Wolf Law Firm, LLC
                                      1520 U.S. Highway 130 - Suite 101
                                      North Brunswick, NJ 08902
                                      Tel. 732-545-7900
                                      Fax 732-545-1030
                                      drubin@wolflawfirm.net

                                      Lawrence C. Hersh, Esq.
                                      17 Sylvan Street
                                      Suite 102B
                                      Rutherford, New Jersey 07070
                                      Tel: (201) 507-6300
                                      Fax: (201) 507-6311

                                      *Attorneys for Plaintiff on behalf of herself and those similarly situated*

Dated: September 12, 2014