**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **LUZVIMID NEPOMUCENO,** on behalf of herself and those similarly situated, | **Civil Action No. 2:14-cv-05719-SDW-SCM** |
| Plaintiff, | **DEFENDANT MIDLAND CREDIT** |
| **vs.** | **MANAGEMENT, INC.'S ANSWER WITH AFFIRMATIVE DEFENSES** |
| **MIDLAND CREDIT MANAGEMENT, INC. and JOHN DOES 1 to 10,** | **TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT** |
| Defendants. | |

AND NOW comes Defendant, Midland Credit Management (referred to herein as "MCM") by and through its undersigned counsel, Marshall Dennehey Warner Coleman & Goggin, P.C., and hereby answers the First Amended Class Action Complaint of Plaintiff, Luzvimid Nepomuceno ("Plaintiff"). In support thereof, MCM avers as follows:

### ANSWER TO NATURE OF THE ACTION

1. Admitted in part and denied in part. MCM admits that Plaintiff is attempting to assert individual and class claims premised on alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, *et seq.* ("FDCPA"). MCM denies these allegations to the extent that Plaintiff seeks to use this characterization of the law as a basis for liability.

### ANSWER TO JURISDICTION

2. Denied. MCM denies the allegations in this paragraph as they constitute conclusions of law. MCM refers all questions of law to the Court.

1

3.      Denied.   MCM denies the allegations in this paragraph as they constitute  conclusions of law.   MCM refers all questions of law to the Court.

## ANSWER TO PARTIES

4.      Denied.   MCM lacks sufficient knowledge, information or belief as to whether Plaintiff resided in Hackensack, New Jersey at all times relevant to the claims in her complaint, and, therefore, MCM denies these allegations.

5.      Admitted.   MCM admits that it is a foreign corporation, that maintains an office at the address set out in this paragraph.

6.      Denied.  MCM denies the allegations in this paragraph as they are directed to a party other than MCM.

## ANSWER TO PLAINTIFF'S ALLEGATIONS OF FACT

7.      Admitted in part and denied in part.  MCM admits that its records reflect that MCM issued a collection letter to Plaintiff on or about September 14, 2013.  MCM denies use of the term "alleged debt" as the debt originally owed by Plaintiff to Citibank, N.A., concerning a Home Depot credit card, and was subsequently memorialized in a settlement agreement, attached hereto as Exhibit "1".

8.      Denied. MCM denies these allegations as the September 14, 2013 letter is a writing and its content speaks for itself.

9.     Admitted in part and denied in part.   MCM admits Plaintiff attached a redacted portion of the September 14, 2013 letter from MCM to Plaintiff as Exhibit "A" to her Complaint.   MCM denies the allegations in this paragraph as the September 14, 2013 letter is a writing and its content speaks for itself.

10.     Admitted.  MCM admits that its records reflect that the September 14, 2013 MCM letter was correctly addressed to Plaintiff and was not returned as undeliverable.

11.     Denied. MCM denies these allegations as the September 14, 2013 letter is a writing and its content speaks for itself.

12.     Denied. MCM denies these allegations as the September 14, 2013 letter is a writing and its content speaks for itself.

13.     Admitted in part and denied in part.   MCM admits that the payment due date is set out in the front of the September 14, 2013 letter and indicated that if MCM does not hear from Plaintiff, MCM may proceed to forward the account to an attorney.   The reverse side of the September 14, 2013 letter further explains the payment due date.   This due date is further reflected on the third page of the September 14, 2013 MCM letter.   MCM denies the remaining allegations in this paragraph as the September 14, 2013 letter is a writing and its content speaks for itself.

14.     Denied.  MCM denies these allegations and directs Plaintiff to the first and second page of the September 14, 2013 MCM letter.[1]

15.     Denied.  MCM denies these allegations and leaves Plaintiff to her burden of proof.

16     Admitted.   MCM admits that it is entitled to recover statutory interest on Plaintiff's valid and delinquent debt obligation.

17.     Admitted.  MCM admits that Plaintiff's debt obligation at issue was originally owed to Citibank, N.A. regarding a Home Depot branded account.

18.     Admitted.

19.     Admitted.

20.     Denied.  MCM denies the allegations in this paragraph, and leaves Plaintiff to her burden of proof.

21.     Denied. MCM denies these allegations as the September 14, 2013 letter is a writing and its content speaks for itself.

22.     Denied.  MCM denies that allegations in this paragraph, and leaves Plaintiff to her burden of proof.

23.     Denied.   MCM denies the allegations in this paragraph as they constitute  conclusions of law.  MCM refers all questions of law to the Court.

24.     Denied as a conclusion of law.  MCM further denies the allegations in this paragraph as they are directed to a non-party, Midland Funding LLC.

---

[1] Plaintiff effort to craft an FDCPA claim through an exercise of willful blindness fails under clear Third Circuit precedents (using only a part of a collection letter, rather than viewing the letter in its entirety in an attempt to advance a claim).

25.     Denied as a conclusion of law.  MCM further denies the allegations in this paragraph as they are directed to a non-party, Midland Funding LLC.

26.     Denied.  MCM denies the allegations in this paragraph as they are directed to a non-party, Midland Funding LLC.

27.     Denied.   MCM denies allegations in this paragraph which are directed to a non-party, Midland Funding LLC.   MCM denies the remaining allegations in this paragraph, and leaves Plaintiff to her burden of proof.

28.     Admitted in part and denied in part.  MCM admits that it issued collections letters to debtors in the State of New Jersey within a one-year period of the filing of this Complaint.  MCM denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

29.     Admitted in part and denied in part.  MCM admits that it issued collections letters to debtors in the State of New Jersey within a one-year period of the filing of this Complaint.  MCM denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

30.     Denied.  MCM denies that it violated the FDCPA.  Therefore, MCM denies the remaining allegations in this paragraph as they rely on the false premise of violative conduct.  A factual basis for these conclusory allegations is demanded of Plaintiff.

31.     Admitted in part and denied in part.  MCM admits that, at times, it attempts to collect debts on behalf of Midland Funding LLC.  MCM denies use of the term "regularly" as the term is undefined or ambiguous.

32.     Admitted in part and denied in part.  MCM admits that, at times, it attempts to collect debts on behalf of Midland Funding LLC.  MCM denies the remaining allegations and leaves Plaintiff to her proofs.

33.     Admitted in part and denied in part.  MCM admits that, at times, it attempts to collect debts on behalf of Midland Funding LLC.  MCM denies the remaining allegations and leaves Plaintiff to her proofs.

34.     Admitted.  MCM admits that it uses the mail and the telephone to recover on debt obligations.

35.     Admitted in part and denied in part.   MCM admits it uses instruments of interstate commerce in its attempts to collect debt obligations. MCM denies the remaining allegations as conclusions of law.

36.     Admitted in part and denied in part.   MCM admits it uses instruments of interstate commerce in its attempts to collect debt obligations. MCM denies the remaining allegations as conclusions of law.

37.     Denied.   MCM denies the allegations in this paragraph as they constitute  conclusions of law.  MCM refers all questions of law to the Court.

38.     Denied.   MCM denies the allegations in this paragraph as they constitute  conclusions of law.  MCM refers all questions of law to the Court.

39.     Denied.   MCM denies the allegations in this paragraph as they constitute  conclusions of law.  MCM refers all questions of law to the Court. MCM leaves Plaintiff and each member of her theoretical class to their respective proofs as to how they incurred their respective debts.

40.    Admitted in part and denied in part.  MCM admits that the proposed class consists of natural person who owe debts to Midland Funding, LLC.  MCM lacks sufficient knowledge, information or belief as to how Plaintiff and each member of her putative class incurred their respective debts and MCM leaves Plaintiff and each member of the putative class to their respective burdens of proofs.

## ANSWER TO CLASS ACTION ALLEGATIONS

41.    Admitted in part and denied in part.  MCM admits that Plaintiff is attempted to assert an individual, as well as a class action claim against MCM consisting of all New Jersey residents who received an MCM letter (including the statement), substantially similar to the MCM letter with the statement received by Plaintiff from September 12, 2013 to September 12, 2014.  MCM denies that Plaintiff has asserted a viable individual claim, let alone a viable class claim.  MCM further denies that class treatment is appropriate and denies any violation of the FDCPA.

42.    Admitted in part and denied in part.  MCM admits Plaintiff seeks to recover attorney's fees and costs, as well as statutory damages for herself and others similarly situated.  MCM denies Plaintiff is entitled to such recovery, as Plaintiff has failed to state a viable FDCPA claim against MCM.

43.    Denied.  MCM denies that the class, to the extent one exists, is so numerous that joinder is impracticable.  A factual basis for these conclusory allegations is demanded of Plaintiff.

44.     Denied as a conclusion of law. MCM denies that there are common questions of law and fact that predominate over questions affecting individual members of the putative class.   MCM responds to the subparagraphs as follows:

A.     Admitted in part and denied in part.   MCM admits that, at times, it engages in conduct that renders MCM a "debt collector" as the term is defined under the FDCPA.   Unless otherwise admitted, MCM denies commonality as claimed in subparagraph A.

B.     Denied.   MCM denies the allegations in this subparagraph as they constitute  conclusions of law.   MCM refers all questions of law to the Court. MCM denies that it violated the FDCPA, specifically 1692e, 1692e(2), 1692e(10), 1692e(12), 1692f, 1692f(1) and 1692g(b) of the FDCPA and denies commonality as to each of these conclusory allegations.

C.     Denied.   MCM denies commonality and denies that use of the term "due date" is deceptive or  would cause the least sophisticated consumer to become confused upon reading the collection letter in its entirety.

D.      Denied.  MCM denies the allegations in this subparagraph to the extent that they are directed to a nonparty, Midland Funding LLC. To the extent that the allegations in this paragraph are directed to MCM, MCM further denies commonality and denies that MCM engaged in any conduct that could plausibly violate the FDCPA as MCM was authorized to recover on debts owed by debtors in New Jersey, including Plaintiff.

E.      Denied.   MCM denies that the September 14, 2013 MCM letter was deceptive or would cause a reasonably and rational least sophisticated consumer to be confused.

F.      Denied.   MCM denies that MCM violated the FDCPA and denies that Plaintiff is entitled to recover her attorneys' fees and costs, or statutory damages or that the class is entitled to recover statutory damages in the absence of any violative conduct on the part of MCM.  A factual basis for these conclusory allegations is demanded of Plaintiff and each member of her theoretical class.

45.     Denied.   MCM denies that a class action is superior to other methods for adjudication of Plaintiff's claims. MCM further denies that the class, to the extent one exists, is so numerous that joinder is impracticable. Additionally, MCM denies that a class action will cause an orderly and expeditious administration of the claims.

46.     Denied.  MCM denies that Plaintiff's claims are typical of the class and denies that they give rise to an individual FDCPA claim, let alone a class action claim.  This is especially apparent where Plaintiff settled her valid and delinquent debt obligation and is estopped from re-litigating her abandoned counterclaim in the state court action.

47.     Denied. MCM denies that there are common questions of law and fact that predominate over questions affecting individual members of the theoretical class.

48.     Denied. MCM is without sufficient knowledge, information, or belief to speak to the truth or falsity as to whether Plaintiff's interests are adverse or antagonistic to the interests of the other members of the alleged class, and therefore MCM denies these allegations and leaves Plaintiff to her proofs.

49.     Denied.  MCM denies that the Class is readily identifiable.

50.     Denied. MCM is without sufficient knowledge, information, or belief to speak to the truth or falsity as to whether Plaintiff's interests are adverse or antagonistic to the interests of the other members of the alleged class, and therefore MCM denies these allegations and leaves Plaintiff to her proofs. Furthermore, MCM is without sufficient information, knowledge or belief to speak to the truth or falsity of the assertion that Plaintiff's counsel is experienced in class matters, complex litigations or FDCPA claims.  A factual basis for these conclusory allegations is demanded of Plaintiff.

51.     Denied.   MCM denies the adjudication of the individual claims would establish an incompatible standard.   In fact, adjudication of Plaintiff's individual claims brings these claims to their appropriate conclusion.   MCM denies the remaining allegations as conclusions of law.

52.     Denied.   MCM lacks sufficient knowledge, information or belief as to the truth or falsity of these allegations and denies these allegations.   A factual basis for these conclusory allegations is demanded of Plaintiff.

### ANSWER TO FIRST CLASS COUNT- FDCPA

53.     No response is required to this paragraph as Plaintiff is merely incorporating prior paragraphs by reference.   To the extent that a response is deemed necessary, MCM incorporates its responses to paragraphs 1 through 52 as though fully set forth herein at length.

54.     Denied.   MCM denies that it violated FDCPA with respect to the September 14, 2013 MCM letter sent to Plaintiff or to similar letters sent to members of the theoretical class.   A factual basis for these conclusory allegations is demanded of Plaintiff.

55.     Denied.   MCM denies that it violated the FDCPA, specifically 1692e, as MCM did not make false, deceptive or misleading representations with respect to the September 14, 2013 MCM letter sent to Plaintiff or to similar letters sent to members of the theoretical class. A factual basis for these conclusory allegations is demanded of Plaintiff.

56.     Denied.  MCM denies that it violated FDCPA, specifically 1692e, with respect to the September 14, 2013 MCM letter sent to Plaintiff or to similar letters sent to members of the purported class. A factual basis for these conclusory allegations is demanded of Plaintiff.

57.     Denied.  MCM denies that it violated FDCPA, specifically 1692e, with respect to the September 14, 2013 MCM letter sent to Plaintiff or to similar letters sent to members of the purported class, and denies that it utilized any false, deceptive or misleading representations or means in connection with collection of a debt.  MCM denies the remaining allegations in this paragraph and demands a factual basis for these conclusory allegations from Plaintiff.

58.     Denied.  MCM denies that content of the September 14, 2013 letter, when read in its entirety, would cause a reasonable least sophisticated consumer to be confused.  MCM denies the remaining allegations and leaves Plaintiff to her burden of proof.

59.     Denied. MCM denies use of the phrase "Due Date" in the September 14, 2013 MCM letter, with a specific date, could be reasonably deemed to violate Section 1692e, as use of such phrase is plainly not false, deceptive, or misleading. A factual basis for these conclusory allegations is demanded of Plaintiff.

60.    Denied. MCM denies it violated the FDCPA, in general, or Section 1692e(2)(A), specifically, as the September 14, 2013 MCM letter did not falsely represent the character, amount or legal status of Plaintiff's debt. MCM denies use of the term "alleged", as Plaintiff owes a valid and delinquent debt obligation. A factual basis for these conclusory allegations is demanded of Plaintiff.

61.    Denied. MCM denies it violated the FDCPA, in general, or Section 1692e(2)(B), specifically, as MCM did not falsely represent the compensation which may be lawfully received in its collection letters. MCM denies the remaining allegations in this paragraph and demands a factual basis for these conclusory allegations from Plaintiff.

62.    Denied as a conclusion of law. MCM denies it violated the FDCPA, in general, or Section 1692e(10), specifically, as MCM did not use any means in its September 14, 2013 letter that could reasonably or rationally be deemed as falsely representing or deceiving Plaintiff or other similarly situated persons. A factual basis for these conclusory allegations is demanded of Plaintiff.

63.    Denied. MCM denies that Plaintiff has effectively described any violation of the FDCPA in her complaint, and, therefore, denies the conclusory allegations in this paragraph. A factual basis for these conclusory allegations is demanded of Plaintiff.

## ANSWER TO JURY DEMAND

Admitted in part and denied in part.  MCM admits Plaintiff demands a jury trial.  Because Plaintiff lacks any viable claims against MCM, therefore, MCM denies that Plaintiff is entitled to a jury trial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Because Plaintiff has taken an idiosyncratic and bizarre position regarding the September 14, 2013 MCM letter, in order to create a claim through a piecemeal reading of the September 14th letter, Plaintiff has failed to state a claim upon which relief may be granted and MCM reserves the right to recover its fees and costs under 15 U.S.C. §1692k(a)(3) of the FDCPA.

### SECOND AFFIRMATIVE DEFENSE

For a statement to be deemed violative of any subsection of section 1692e of the FDCPA, the statement must be both misleading and *material.*  See Rogozinski v. NCO Fin. Sys., 2012 U.S. Dist. LEXIS 153894 (E.D. Pa. 2012).  In the event that MCM is found to be liable for the content of its September 14, 2013 letter (which it denies it is), and the letter is deemed to be misleading, in no way could the alleged misrepresentation be deemed to be a material misrepresentation.

## THIRD AFFIRMATIVE DEFENSE

MCM's conduct with respect to Plaintiff did not violate the FDCPA. Therefore, MCM affirmatively states that Plaintiff's claims against it pursuant to the FDCPA lack any degree of viability and all claims against MCM should be dismissed or withdrawn

## FOURTH AFFIRMATIVE DEFENSE

Even if MCM violated the FDCPA, which is denied, Plaintiff did not incur actual damages as a result of the alleged conduct of MCM.

## FIFTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which MCM denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of MCM.

## SIXTH AFFIRMATIVE DEFENSE

In the event that Plaintiff is able to adequately plead an individual claim under the FDCPA, his entitlement to statutory damages is capped at $1,000 per action, not per violation.  See Goodmann v. Peoples Bank, et al., 2006 US App. LEXIS 31555 (3rd Cir. 2006); Brown v. Law Offices of Butterfield, U.S. Dist. LEXIS 9822 (E.D. Pa. 2004); Dowling v. Kucker Kraus & Bruh, LLP, 2005 U.S. Dist. LEXIS 1100 (S.D. NY. 2005); Mann v. Acclaim Fin Servs, 348 F. Supp. 2d 923 (S.D. Ohio 2004); Ganske v. Checkrite Limited, 1997 U.S. Dist. LEXIS 4345 (D. Wis. 1997); Wright v. Finance Service of Norwalk, Inc., 22 F. 3d 647 (6th Cir. 1994); Harper v. Better Business Services, Inc., 961 F.2d 1561 (11th cir. 1992); Donahue v. NFS, Inc., 781 F. Supp. 188 (W.D.N.Y. 1991);

Wiener v. Bloomfield, 901 F. Supp. 771 (S.D.N.Y. 1995); Teng v. Metropolitan Retail Recovery, 851 F. Supp. 61 (E.D.N.Y. 1994); Beattie v. D.M. Collections, Inc., 764 F. Supp. 925 (D. Del. 1991); and Harvey v. United Adjusters, 509 F. Supp 1218 (D. Or. 1981).

## SEVENTH AFFIRMATIVE DEFENSE

A plaintiff in an FDCPA action has the burden of proving that the underlying debt is consumer in nature. See Anderson v. AFNI, Inc., 2011 U.S. Dist. LEXIS 51368 (E.D. Pa. 2011). As each debt arises out of unique set of transactions, each putative class member has the burden of proving his or her debt to be consumer in nature. Therefore, a class action is not appropriate for this claim.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Section 1692e(2)(B) should be dismissed in its entirety, as MCM never falsely represented "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt".

## NINTH AFFIRMATIVE DEFENSE

Plaintiff lacks sufficient numerosity of similarly situated persons to make a class action viable or practical.

## TENTH AFFIRMATIVE DEFENSE

In the event that a class certification is granted, Plaintiff has failed to show that she is adequate to serve as a representative of the class.

### ELEVENTH AFFIRMATIVE DEFENSE

Class treatment is grossly inferior to individual treatment in this case.

### TWELFTH AFFIRMATIVE DEFENSE

Common questions of law or fact do not overweigh the individual issues

and preclude class treatment in this matter.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's credit agreement with Citibank provides for a class waiver and

mandatory arbitration clause. The agreement includes a specified list of parties

which provides that a debt collector is considered an assignee, therefore

including MCM and permitting them to enforce the arbitration clause. The

arbitration clause specifically states,

> Whose Claims are subject to arbitration? Not only ours and yours,
> but also Claims made by or against anyone connected with use or
> you or claim through us or you, such as a co-applicant or
> authorized user of your account, an employee, agent,
> representative, affiliated company, predecessor or successor, heir,
> assignee, or trustee in bankruptcy.

The agreement additionally states,

> What about debt collections? We and anyone to whom we assign
> your debt will not initiate arbitration proceeding to collect a debt
> from you unless you assert a Claim against us or our assignee. We
> and any assignee may seek arbitration on an individual basis of
> any Claim asserted by you, whether in arbitration or any
> proceeding, including in a proceeding to collect a debt...

Therefore, Plaintiff should dismiss this action and proceed on an

individual basis in arbitration against MCM.

### FOURTEENTH AFFIRMATIVE DEFENSE

These claims are barred by the entire controversy doctrine, as Plaintiff was sued in an underlying collection action *Midland Funding v. Luzvimid Nepomuceno,* Docket No. DC-1505-14, where Plaintiff brought a counterclaim alleging FDCPA violations.  Plaintiff had a full opportunity to argue these claims, but agreed to settled this matter.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff waived her claims as Plaintiff signed a stipulation waiving any "claims arising out of or related to the Action, the Counterclaim, the Debt, and the Plaintiff Account, Plaintiff and Defendant do hereby release, acquit, and forever discharge each other from any and all claims, liabilities, demands, suits and causes of each and every nature and kind..."   MCM asserts the affirmative defense of Release. Therefore, Plaintiff is precluded from bringing this lawsuit against MCM.

### SIXTEENTH AFFIRMATIVE DEFENSE

Even though MCM is a non-signatory party to the Arbitration Clause, the Third Circuit has consistently enforced arbitration clauses when the non-signatory party is bound under traditional principles of contract and agency law. E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S., 269 F.3d 187, 194.  Such principles include agency and equitable estoppel.  Trippe Manufacturing Co. v. Niles Audio Corp., 401 F.3d. 529, 532. (3d Cir. 2005).

Courts have held that Citibank agreements which include "affiliates, successor, or assigns" permit enforcement of arbitration clauses of non-signatory parties. *See* <u>Delarosa v. Citifinancial, Inc</u>., 2012 U.S. Dist. LEXIS 34840 (E.D.Tex. March 15, 2012).

### SEVENTEENTH AFFIRMATIVE DEFENSE

Declaratory relief is not an available remedy for claims under the FDCPA, even in the context of a class action.   See <u>Weiss v. Regal Collections</u>, 385 F.3d 337, 340(3d Cir. 2004). Therefore, Plaintiff's prayer for relief, A., should be dismissed or withdrawn.

### DEMAND FOR SPECIFICATION OF MONEY DAMAGES

Pursuant to <u>Local Rule</u> 8.1, MCM demands that Plaintiff, within fourteen (14) days, furnish MCM with a statement of the amount of actual damages claimed by her as to MCM, if any, with particularity, and the methodology in calculating those damages.

### CERTIFICATION

PURSUANT TO <u>R</u>. 4:5-1, I hereby certify that counsel for MCM is unaware of any pending action that should be consolidated with this matter. However this matter may be subject to individual arbitration, as MCM has formally demanded the dismissal of this matter so that private, mandatory binding arbitration per the terms and conditions of the credit card agreement governing the obligation owed by Plaintiff which covers the claims asserted by Plaintiff in this matter.

**WHEREFORE**, Defendant, Midland Credit Management, Inc., respectfully request this Honorable Court enter judgment in its favor dismissing Plaintiff's First Amended Class Action Complaint and any and all other relief as the Court deems is just and equitable.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.**

By:  */s/ Ronald M. Metcho*
RONALD M. METCHO
2000 Market St., Suite 2300
Philadelphia, PA 19103
(215) 575-2596/ (215) 575-0856 (f)
rmmetcho@mdwcg.com
Attorneys for Defendant
Midland Credit Management, Inc.

Date:  September 15, 2015