**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **LUZVIMID NEPOMUCENO,** on behalf of herself and those similarly situated, | **Civil Action No.** |
| Plaintiff, | **2:14-cv-05719-SDW-SCM** |
| **vs.** | |
| **MIDLAND CREDIT MANAGEMENT, INC. and JOHN DOES 1 to 10,** | |
| Defendants. | |

**DEFENDANT, MIDLAND CREDIT MANAGEMENT, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

AND NOW comes Defendant, Midland Credit Management, Inc. by and through its undersigned counsel, who respectfully submits this Memorandum in Opposition to Plaintiff, Luzvimid Nepomuceno's Motion for Class Certification.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.**

By:  */s/ Ronald M. Metcho / rmetcho*
RONALD M. METCHO
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2595 / (215) 575-0856 (f)
rmmetcho@mdwcg.com
Attorneys for Defendants
Midland Credit Management, Inc.

Dated: April 18, 2016

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................... 1

II.  PROCEDURAL HISTORY AND STATEMENT OF FACTS ............................ 3

III.  ARGUMENT ..................................................................... 4

  A.  Standard of Review for Class Certification. .............................................. 4

  B.  Plaintiff's Proposed Class Is Not Sufficiently Defined. ............................. 7

    i.  The proposed class is not identifiable. ................................................ 8

    ii.  The proposed class is fatally vague. .................................................... 8

    iii.  The class definition includes consumers who never received MCM's letters. ................................................................................. 10

  C.  Plaintiff has failed to meet her burden of demonstrating that all four requirements under Fed. R. Civ. P. 23 (a) are satisfied and, thus, her request for class certification should be denied. .................................. 12

    1.  Commonality. ................................................................. 12

    2.  Typicality. ..................................................................... 14

    3.  Adequacy. ..................................................................... 16

    4.  Class Counsel ................................................................. 23

  D.  Plaintiff has failed to meet the requirements of Fed. R. Civ. P. 23 (b). ... 26

IV.  CONCLUSION .................................................................. 28

## TABLE OF AUTHORITY

**Cases**

Agostino v. Quest Diagnostics, Inc., 2010 U.S. Dist. LEXIS 135310, at *48-49
   (D.N.J. Dec. 22, 2010) ................................................................................... 9
Amchem Products v. Windsor, 521 U.S. 591, 623-24 (1997) .......................... 27
AT&T Mobility, LLC v. Concepcion, 131 S. Ct. 1740 (2011) ........................... 20
Baby Neal for and by Kanter v. Casey, 43 F.3d 48, 56 (3d Cir. 1994) ............ 12
Beck v. Maximus, Inc., 457 F.3d 291, 297 (3d. Cir. 2006) ............................... 5
Bright v. Asset Acceptance, Inc., 292 F.R.D. 190; 2013 U.S. Dist. LEXIS
   108432 (D.N.J. Aug. 1, 2013) ........................................................................ 5
Buckeye Check Cashing v. Caregna, 546 U.S. 440 (2006) ........................ 20,21
Califano v. Yamasaki, 442 U.S. 682 (1979) ...................................................... 5
Clark v. Prudential Ins. Co. of Am., 289 F.R.D. 144, 182 (D.N.J. 2013) ........... 5
Comcast Corp. v. Behrend, 133 S. Ct. at 1432 ................................................. 5
CompuCredit Corp. v. Greenwood, 132 S. Ct. 665 (U.S. 2012) ...................... 20
Delarosa v. CitiFinancial, Inc., 2012 U.S. Dist. LEXIS 34840 (E.D. Tex. March
   15, 2012) ...................................................................................................... 22
E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber and Resin
   Intermediates, S.A.S., 269 F.3d 187, 194 ..................................................... 22
Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991) ....................... 21
Green Tree Fin. Corp-Ala. v. Randolph, 531 U.S. 79 (2000) .......................... 21
Gregory v. McCabe, Weisberg & Conway, P.C., 2014 U.S. Dist. LEXIS 79795, *
   13 (D.N.J. June 12, 2014) ......................................................................... 7,16
Harris v. Green Tree Fin. Corp., 183 F.3d 173 (3d Cir. 1999) ........................ 21
Hassine v. Jeffes, 846 F.2d 169, 177 (3d Cir. 1988) ................................. 15,17
Hayes v. Wal-Mart Stores, Inc., 725 F.3d 349, 355 (3d Cir. 2013) ................... 7
In re Cendant Corp. Litig., 264 F.3d 201, 265 (3d Cir. 2011) ......................... 22
In re Ford Motor Co. E-350 Van Prods. Liab. Litig., 2012 U.S. Dist. LEXIS
   13887, at *37 (D.N.J. Feb. 6, 2012) .............................................................. 8
In re Hydrogen Peroxide Antitrust Litigation, 552 F.3d 305, 307 (3d Cir. 2008) 6
In re Schering Plough Corporation ERISA Litigation, 589 F.3d 585 (3d Cir.
   2009) ............................................................................................................ 14
In re. Sch. Asbestos Litig., 56 F.3d 515. 519 (3d. Cir. 1995) ........................... 9
James v. Portfolio Recovery Assocs., LLC, 2015 U.S. Dist. LEXIS 20786 (N.D.
   Cal. Feb. 20, 2015) ...................................................................................... 21
Jenkins v. First American Cash Advance of Georgia, Inc., 400 F.3d 868 (11th
   Cir. 2005) .................................................................................................... 21
Lewis v. Jesse L. Riddle, P.C., 1998 U.S. Dist. LEXIS 20465 (W.D. La. 1998) . 13
Little-King v. Hayt Hayt & Landau, 2013 U.S. Dist. LEXIS 129587, * 16-17
   (D.N.J. Sept. 10, 2013) ................................................................................ 22
Marcus v. BMW of N. Am., LLC, 687 F.3d 583, 589 (3d Cir. 2012) ................... 7
Mark v. Portfolio Recovery Assocs., LLC, 2015 U.S. Dist. LEXIS 54498 (N.D. Ill.
   Apr. 27, 2015) .............................................................................................. 21
Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983) . 20

<u>Neves v. Nationwide Credit, Inc.</u>, 1996 U.S. Dist. LEXIS 22242 (N.D. Ga. 1996) ............................................................................................................ 13

<u>Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 259 F.3d 154 (3d Cir. 2001) ...................................................................................... 8,23

<u>Parisi v. Goldman, Sachs & Co.</u>, 710 F.3d 483 (2d Cir. N.Y. 2013) ................ 20

<u>Puleo v. Chase Bank USA, N.A.</u>, 605 F.3d 172 (3d Cir. 2010) ......................... 20

<u>Sanneman v. Chrysler Corp.</u>, 191 F.R.D. 441, 447 (E.D. Pa. 2000). .................... 14

<u>Shearson/Am. Express, Inc. v. McMahon</u>, 482 U.S. 220, 225-26 (1987) .......... 21

<u>Trippe Manufacturing Co. v. Niles Audio Corp.</u>, 401 F.3d 529, 532. (3d Cir. 2005) ......................................................................................... 22

<u>Vaden v. Discover Bank</u>, 129 S. Ct. 1262, 1271 (2009) ............................... 20,21

<u>Wal-Mart Stores, Inc. v. Dukes</u>, 131 S. Ct. 2541 at 2551-2552 (2011) ........... 5,12

<u>Weissman v. Philip C. Gutworth, P.A.</u>, 2015 U.S. Dist. LEXIS 8543, at * 10 (D.N.J. Jan. 23, 2015) ..................................................................... 23

<u>Wetzel v. Liberty Mut. Ins. Co.</u>, 508 F.2d 239, 247 (3d Cir. 1975) ...................... 17

<u>White v. Williams</u>, 508 F.R.D. 123, 129 (D.N.J. 2002) ..................................... 9

<u>Whitman v. Capital One Bank (USA), N.A.</u>, 2009 U.S. Dist. LEXIS 108203 (D. Md. Nov. 19, 2009) ............................................................................. 21

<u>Williams v. Pressler & Pressler, LLP</u>, No. CIV. 11-7296 KSH, 2013 U.S. Dist. LEXIS 139643, 2013 WL 5435068, at *9 (D.N.J. Sept. 27, 2013) ..................... 23

## Statutes

15 U.S.C. §1692e(2) ........................................................................................ 3

15 U.S.C. §1692e(6) ........................................................................................ 3

15 U.S.C. §1692e(9) ........................................................................................ 3

15 U.S.C. §1692e(10) ...................................................................................... 3

15 U.S.C. §1692e(12) ...................................................................................... 3

## Other Authorities

Fed. R. Civ. P. 23 ................................................................2,3,5,6,7,12,26,27

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **LUZVIMID NEPOMUCENO,** on behalf of herself and those similarly situated, | **Civil Action No.** |
| Plaintiff, | **2:14-cv-05719-SDW-SCM** |
| **vs.** | |
| **MIDLAND CREDIT MANAGEMENT, INC. and JOHN DOES 1 to 10,** | |
| Defendants. | |

**DEFENDANT, MIDLAND CREDIT MANAGEMENT, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

AND NOW comes Defendant, Midland Credit Management, Inc. by and through its undersigned counsel, who respectfully submits this Memorandum in Opposition to Plaintiff, Luzvimid Nepomuceno's Motion for Class Certification.

## I.   INTRODUCTION

In this case, Plaintiff, Luzvimid Nepomuceno ("Plaintiff") seeks certification of a class based upon the content of a letter sent by Midland Credit Management, Inc. ("MCM") to her and the purported class members in connection with the collection of consumer debt owned by Midland Funding LLC ("MF").  Specifically, Plaintiff claims that one of MCM's form letters made a demand for interest accrued after the account was allegedly charged off by the original creditor and contained language referring to a "Due Date" by which the consumer was to make a payment toward the owed balance of the account.

See ECF 1 at Paragraphs 15 and 16. Plaintiff alleges that during a period of one year prior to the filing of her Complaint, MF did not possess the proper licenses in the State of New Jersey to accrue interest on the unpaid balance of her debt and that the ability to accrue interest on the unpaid balance of the debt was waived after the original creditor charged off the debt. Plaintiff further alleges that there was no factual or legal basis for MCM to place the "Due Date" language in the letter at issue.

MCM now respectfully requests that this Honorable Court deny Plaintiff's request for class certification. Before the Court may even consider whether Plaintiff has met the requirements of Fed. R. Civ. P. 23, the class for which Plaintiff seeks certification must meet the standards required by this District and the Third Circuit. Plaintiff's proposed class falls well short of this required certification. The class is not identifiable, and thus, the Court need not even consider whether Plaintiff has met the hallmark requirements of numerosity, commonality, typicality and adequacy.

Plaintiff cannot establish that the questions of law and fact at issue in this case are common to the proposed "class," nor can she demonstrate her claims are typical of those of the proposed "class." Moreover, Plaintiff falls short of demonstrating her adequacy as class representative or her counsel's adequacy as class counsel. Because Plaintiff cannot meet the requirements of Fed. R. Civ. P. 23 (a), the Court is precluded as a matter of law from certifying the putative class.

Finally, Plaintiff has failed to meet any of the prerequisites of Fed. R. Civ. P. 23 (b) for maintaining a class action lawsuit. The record shows that any alleged questions of law and/or fact common to the class do not "predominate over any questions affecting only individual members," and she has not shown that a class action is superior to other available methods of adjudication of these claims.

For these reasons, class certification is inappropriate as a matter of law. As such, Plaintiff's Motion for Class Certification should be denied.

## II.   <u>PROCEDURAL HISTORY AND STATEMENT OF FACTS</u>

Plaintiff filed a Complaint in the United States District Court for the District of New Jersey on September 12, 2014. <u>See</u> ECF 1.[1] On behalf of herself and a purported class of similar consumers, Plaintiff's Complaint alleges claims for violation of the Fair Debt Collection Practices Act at 15 U.S.C. §1692e(2), §1692e(6), §1692e(9), §1692e(10) and §1692e(12), arising from the inclusion of alleged false, deceptive and misleading representations in a letter sent to Plaintiff on or around September 14, 2013. <u>See</u> ECF 21, paragraphs 61-65. On October 24, 2014, MCM filed an Answer to Plaintiff's Class Action Complaint, denying each of Plaintiff's allegations against MCM. <u>See</u> ECF 8.

Specifically, Plaintiff received a letters from MCM concerning a debt Plaintiff originally owed to Citibank, N.A. pertaining to a Home Depot branded account, which was subsequently purchased by MF. <u>Id.</u> at paragraph 10. The

---

[1] On August 31, 2015, Plaintiff filed an Amended Class Action Complaint against MCM, which did not advance any additional claims against MCM. <u>See</u> ECF 21. On September 15, 2015, MCM filed an Amended Answer to Plaintiff's Amended Class Action Complaint, denying each of Plaintiff's allegations against MCM. <u>See</u> ECF 23.

September 14, 2013 letter stated that $231.27 of interest had accrued on the owed balance of the account at a rate of 6% and provided a "Due Date" for payment to be made by October 29, 2013.  Id.

According to Plaintiff, the accrual of interest on the owed balance of the Citibank, N.A. debt was improper as, when Citibank, N.A. charged off the debt, it waived its right to continue to collect interest at the rate set forth in the credit card agreement, and that the 6% rate of interest sought by MCM in the September 14, 2013 letter was not authorized under the original credit card agreement.  See ECF 37-1, pp. 4-5.  Plaintiff claims that, MF (which is not a named party in this matter) did not possess the required consumer lender license from the State of New Jersey at the time it sent the September 14, 2013 letter to Plaintiff, MCM, and, therefore, was not entitled to demand or collect interest on the account after the account was charged off by Citibank, N.A.  Id. at pp. 5-6.  Further, Plaintiff claims that there was no factual or legal basis for MCM's use of the phrase "Due Date" in the letter at issue.  Id. at p. 4.

In accordance with the Amended Scheduling Order entered by the Court on January 26, 2016, this Opposition to Plaintiff's Motion for Class Certification is timely and ripe for disposition.  For the following reasons, MCM respectfully requests that Plaintiff's Motion for Class Certification be denied.

## III.   ARGUMENT

A.   *Standard of Review for Class Certification.*

Class actions are an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.  Bright v.

4

Asset Acceptance, Inc., 292 F.R.D. 190; 2013 U.S. Dist. LEXIS 108432 (D.N.J. Aug. 1, 2013) (citing Comcast Corp. v. Behrend, 133 S. Ct. at 1432 (citing Califano v. Yamasaki, 442 U.S. 682, 700-701, 99 S. Ct. 2545, 61 L. Ed. 2d 176 (1979))).  In order to meet the requirements of this exception, a party moving to represent a class "must affirmatively demonstrate his compliance with Rule 23." Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541 at 2551-2552 (2011).

Class certification under Fed. R. Civ. P. 23 is committed to the sound discretion of the trial court.  Califano v. Yamasaki, 442 U.S. 682 (1979).  "To certify a class the district court must find that the evidence more likely than not establishes each fact necessary to meet the requirements" of Fed. R. Civ. P. 23. Clark v. Prudential Ins. Co. of Am., 289 F.R.D. 144, 182 (D.N.J. 2013).  At the time certification is sought, a plaintiff bears the burden of providing evidence that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; *and* (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).  To certify a class, the law requires this Honorable Court to conduct a rigorous analysis of *all* Fed. R. Civ. P. 23(a) requirements, and to conclude that *all* requirements have been satisfied.  Beck v. Maximus, Inc., 457 F.3d 291, 297 (3d. Cir. 2006). For certification under Rule 23 to be legally appropriate, the party seeking class certification must make more than a "threshold showing" that each of the Rule 23 requirements has been satisfied; rather, the decision to certify a class

must be based upon factual evidence.   In re Hydrogen Peroxide Antitrust Litigation, 552 F.3d 305, 307 (3d Cir. 2008) (vacating district court's order of class certification).

Once the prerequisites of Fed. R. Civ. P. 23 (a) are satisfied, a plaintiff must then establish one of the grounds identified in Fed. R. Civ. P. 23(b), which provides:

> (b) **Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> (1) the prosecution of separate actions by or against individual members of the class would create a risk of
>
> (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
>
> (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
>
> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to the members of the class

predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23 (b).

    B.    *Plaintiff's Proposed Class Is Not Sufficiently Defined.*

Before the Court evaluates whether a plaintiff has met the requirements of Rule 23, the Court must first consider whether the class is defined with reference to objective criteria and whether the named representative falls within the proposed class. See Gregory v. McCabe, Weisberg & Conway, P.C., 2014 U.S. Dist. LEXIS 79795, * 13 (D.N.J. June 12, 2014) citing Hayes v. Wal-Mart Stores, Inc., 725 F.3d 349, 355 (3d Cir. 2013) (citing Marcus v. BMW of N. Am., LLC, 687 F.3d 583, 589 (3d Cir. 2012)).  Here, Plaintiff seeks certification of a class defined as follows:

All New Jersey residents to whom Defendant sent a "Statement" at any time between September 12, 2013 and January 6, 2015 that contained:

(a)    a demand for interest accrued after the original account was charged off by the original creditor; and/or

> (b)     A "Due Date" by which the consumer was
> to make payment towards the account.

<u>See</u> ECF 21, p. 41.  <u>See also</u> ECF 37, p. 8.

> i.     *The proposed class is not identifiable.*

While Plaintiff falls within the proposed class, the proposed class is not identifiable without an individualized inquiry.   Therefore, class certification should be denied.

Plaintiff's proposed class includes all consumers receiving such a "Statement," regardless of the identity of the original creditor or the nature of the debt obligation.  As a result, the proposed class would include consumers, whose accounts were accruing different rates of interest, during the applicable time period.  Thus, there is the potential, but not a guarantee, that, for some consumers, the interest being accrued on the account was proper. Determining the original creditor, the nature of the debt or the specific amount of interest accruing on each particular debt obligation for each proposed class member would require an account-by-account analysis, which renders class certification inappropriate.   "If proof of the essential elements of the cause of action requires individual treatment, then class certification is unsuitable."  <u>In re Ford Motor Co. E-350 Van Prods. Liab. Litig.</u>, 2012 U.S. Dist. LEXIS 13887, at *37 (D.N.J. Feb. 6, 2012) (quoting <u>Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 259 F.3d 154, 172 (3d Cir. 2001)).

> ii.     *The proposed class is fatally vague.*

Plaintiff's proposed class includes consumers domiciled in the State of New Jersey who received a "Statement" at any time between September 12,

2013, and January 6, 2015.  <u>See</u> ECF 21, p. 41.  <u>See also</u> ECF 37-1, p. 8.  The word "Statement" is too vague to allow sufficient definition of the class, as the information contained in MCM's "Statements" can vary depending on, *inter alia*, the language contained in the Statement, the particular consumer, the original creditor and the rate of interest being applied to the owed balance of the debt, if interest was being accrued on the owed balance of the debt.

Class certification presupposes the existence of an actual class.  <u>White v. Williams</u>, 508 F.R.D. 123, 129 (D.N.J. 2002); <u>In re. Sch. Asbestos Litig.</u>, 56 F.3d 515. 519 (3d. Cir. 1995) <u>See</u> <u>also</u> <u>White v. Williams</u>, 508 F.R.D. 123, 129 (D.N.J. 2002).  "[T]he proposed class must be sufficiently identifiable without being overly broad. The proposed class may not be amorphous, vague, or indeterminate and it must be administratively feasible to determine whether a given individual is a member of the class." <u>White v. Williams</u>, 208 F.R.D. 123, 129 (D.N.J. 2002)).  Importantly, this evaluation requires that class membership be defined in an "objective manner." <u>Agostino v. Quest Diagnostics, Inc.</u>, 2010 U.S. Dist. LEXIS 135310, at *48-49 (D.N.J. Dec. 22, 2010).

Class certification is appropriately denied where determining membership in the class would essentially require a mini-hearing as to each prospective class member.  Plaintiff's proposed class requires the Court to determine, on an individual basis, the language contained in the "Statements" and the particular rates of interest being applied to the owed balances of the debts.  While "Statements" which contained the exact language, original

creditor and interest rate as that which was contained in the September 14, 2013 "Statement" sent by MCM to Plaintiff may be objectively defined, a subjective analysis on a "Statement" to "Statement" basis is required to ensure that the "Statements" sent to the purported class members are defined in the same manner as the "Statement" defined in Plaintiff's Class definition. Plaintiff's proposed class would require the Court to hear either anecdotal evidence from each proposed class member or, alternatively, argument from class counsel, on a host of questions before class membership could be determined, such as the exact rate of interest being applied to the owed balance of the debt, the identification of the underlying creditor and whether language, such as the "Due Date" language was contained in the "Statement".

To determine if an individual is class member, the Court must be able to do so by reference to the class definition.  Plaintiff's proposed class definition does not allow for such a determination.  Rather, under Plaintiff's proposed class, the court would be required to conduct a series of individual hearings to determine whether a "Statement" received by a member of the proposed Class is a "Statement" that meets Plaintiff's class definition.  Because Plaintiff's class definition requires subjective evaluation of each proposed class member's membership, class certification is inappropriate and her Motion for Class Certification must be denied.

> iii.    The class definition includes consumers who never received MCM's letters.

Plaintiff's proposed class also fails for lack of sufficient definition because the class does not consist of consumers who actually *received* a Statement

from MCM, but rather it consists of consumers to whom *Defendant merely sent a "Statement" at any time between September 12, 2013, and January 6, 2015.* <u>See</u> ECF 21, p. 41. <u>See also</u> ECF 37-1, p. 8. This not only renders Plaintiff unable to meet her burden of demonstrating commonality and typicality (as is discussed more fully below) but it reinforces the fact that Plaintiff's proposed class is simply not identifiable.

The success of Plaintiff's claim depends in part upon Plaintiff's receipt of MCM's purportedly deceptive September 14, 2013 "Statement." Plaintiff's proposed class, however, turns on whether MCM *mailed* a "Statement" to a consumer, rather than whether the consumer actually *received* a "Statement." Thus, under Plaintiff's proposed class, class membership would not be ascertainable without this Court first determining whether each proposed member actually received MCM's "Statements" – a fact that cannot be ascertained by a review of MCM's records alone. Rather, the Court would be required to adjudicate, on a person-by-person basis, whether each consumer actually received MCM's "Statements."

Because Plaintiff's proposed class does not lend itself to ready identification, and because a sufficiently defined class is a condition precedent to class certification, MCM respectfully submits that Plaintiff's Motion for Class Certification should be denied.

C.   *Plaintiff has failed to meet her burden of demonstrating that all four requirements under Fed. R. Civ. P. 23 (a) are satisfied and, thus, her request for class certification should be denied.*

Plaintiff has failed to meet her burden of demonstrating commonality, typicality and adequacy.  As such, this Honorable Court should deny Plaintiff's request for class certification and leave Plaintiff to pursue her claim in an individual capacity.

1.   *Commonality.*

Fed. R. Civ. P. 23 (a) (2) requires a plaintiff seeking class certification to demonstrate, by a preponderance of the evidence, that there are questions of law or fact common to the class.  The United States Supreme Court has held that commonality is measured not by "the raising of common 'questions'... but, rather, the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation." Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011).  Notably, the Supreme Court reiterated that in addition to the above, "commonality" requires a demonstration that "the class members have suffered the same injury." Id. at 2551; see also Baby Neal for and by Kanter v. Casey, 43 F.3d 48, 56 (3d Cir. 1994).

Plaintiff has not, and indeed cannot, meet her burden here.  As a threshold matter, it is well-settled that denial of class certification is appropriate where a plaintiff cannot meet her evidentiary burden of demonstrating that the underlying debts arose from consumer transactions as opposed to business transactions.  See Lewis v. Jesse L. Riddle, P.C., 1998 U.S. Dist. LEXIS 20465 (W.D. La. 1998); Neves v. Nationwide Credit, Inc., 1996

U.S. Dist. LEXIS 22242 (N.D. Ga. 1996) (refusing to certify an FDCPA class, in part, because Plaintiff failed to show "how it will be able to avoid... the uniquely individual task of determining whether the debt defendants sought to collect was incurred primarily for personal or business purposes[.]")  Plaintiff has not demonstrated that this distinction can be made based on MCM's records alone, and has produced no additional evidence demonstrating the proposed class members' debts were consumer debts rather than business expenses.  This in and of itself warrants denial of Plaintiff's request for class certification.

Furthermore, the class definition renders the scope of potential class members so broad that it would encompass a wide array of individuals, who suffered a variety of injuries or no injury at all.  Indeed, the only "commonality" identified in Plaintiff's proposed class are New Jersey residency, a demand for interest and "Due Date" language.  Plaintiff's class could potentially include individuals with differing original creditors, whose accounts were subject to differing terms and conditions concerning interest accrual and collection,[2] who were sent different "Statements" by MCM, which consumers may or may not have actually received.

Finally, there are significant differences as to the types of "Statements" received by the proposed class members; the different types of accounts (i.e., household debts versus business debts) being collected, the different creditors listed in each "Statement" and the different "Statements" received by potential

---

[2] The Terms and Conditions for Plaintiff's Citibank, N.A. account contains an arbitration agreement and class action waiver provision, which affirmatively prevents her (and potentially other consumers) from participating as members of the putative classes.

class members with respect to interest accrual, including the amount of interest accruing on each account and the applied rate of interest.  Plaintiff's proposed class is not limited to recipients to MCM's "Statements", as the proposed class includes individuals who did not even receive MCM's "Statements".  Moreover, Plaintiff has produced no evidence demonstrating that every resident of the State of New Jersey to whom MCM sent a "Statement" actually received such a "Statement", read the "Statement", was deceived or misled by the "Statement", or had a particular rate of interest accruing on the debt at issue, all of which collectively take away from Plaintiff's ability to show issues of law and fact common to the proposed classes.

2.    *Typicality.*

The typicality requirement assesses "whether the action can be efficiently maintained as a class and whether the named plaintiff has incentives that align with those of absent class members..." Sanneman v. Chrysler Corp., 191 F.R.D. 441, 447 (E.D. Pa. 2000).  The Third Circuit, in In re Schering Plough Corporation ERISA Litigation, 589 F.3d 585 (3d Cir. 2009), held that "consideration in assessing typicality... include[s] three distinct, though related, concerns: (1) the claims of the class representative must be generally the same as those of the class in terms of both (a) the legal theory advanced and (b) the factual circumstances underlying that theory; (2) the class representative must not be subject to a defense that is both inapplicable to many members of the class and likely to become a major focus of the litigation; and (3) the interests and incentives of the representative must be sufficiently

14

aligned with those of the class." Id. at 597.  These elements, according to the Third Circuit, further the general aim of fair and adequate representation by ensuring that the class representatives must be "sufficiently similar to the rest of the class – in terms of their legal claims, factual circumstances, and stake in the litigation[.]" Id. at 597.  (Internal citations omitted.); see also Hassine v. Jeffes, 846 F.2d 169, 177 (3d Cir. 1988).

Here, Plaintiff claims that she received a "Statement" from MCM seeking interest on the owed balance of the debt after the debt had been charged off by the original creditor; and that the "Statement" allegedly contained "Due Date" language regarding the making of a payment toward the owed balance of the debt.  Plaintiff also claims that MF did not have the proper licenses in the State of New Jersey to accrue interest on the owed balance of the debt during the applicable time period.  Plaintiff's purported harm is whether or not she was deceived and/or confused by the content of MCM's "Statement" regarding payment of her account and whether or not the accrual of interest was proper. These allegations, if true, put Plaintiff at odds with other putative class members.  There are individualized questions about whether other consumers were deceived or misled by the accrual of interest and the "Due Date" language and questions of whether they actually received and read MCM's "Statements." There are additional questions regarding whether MCM was required to possess or possessed licenses in the State of New Jersey during the applicable time period to accrue interest on the owed balance of the debts.  Plaintiff's alleged harm is clearly different from the alleged "harm" of an individual to whom a

"Statement" was sent, but who never received or read such "Statement," and who would, therefore, not be confused or deceived by the "Statement."

Plaintiff alleges that her claims arise from the same course of conduct that gives rise to the claims of the Class through the sending of a standardized collection letter, which violates the FDCPA and its practice of charging post-charge off interest.  <u>See</u> ECF 37-1, p. 21.  However, individualized questions must be raised regarding the particular account listed in each "Statement," whether the account was charged off by the original creditor, the rate of interest that was being applied by MCM in the "Statement," whether licenses were required to be possessed during the time in which interest was accruing on the owed balance of the debt and whether or not the particular consumer actually received and read the "Statement" particular to his or her account.

Having failed to demonstrate typicality by the requisite measure of proof – and having instead demonstrated that her claims are atypical of those of her proposed class members – Plaintiff has failed to meet the requirements of Fed. R. Civ. P. 23 (a).  Her Motion for Class Certification must, therefore, be denied.

> ### 3. *Adequacy.*

With respect to the Adequacy consideration, the Court must carefully inquire into whether the representative party will fairly and adequately protect the interests of the class.  <u>Gregory v. McCabe, Weisberg & Conway, P.C.</u>, 2014 U.S. Dist. LEXIS 79795, at *22 (D.N.J. June 12, 2014); Fed. R. Civ. P. 23 (a) (4). The Court considers whether the putative named plaintiff has the ability and the incentive to represent the claims of the class vigorously; whether she has

obtained adequate counsel; and whether there is a conflict between the individual's claims and those asserted on behalf of the class." Id. (citing Hassine v. Jeffes, 846 F.2d 169, 179 (3d Cir. 1988)).  Adequate representation depends upon (a) the plaintiff's attorney being qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff not having interests antagonistic to those of the class."  Id. (citing Wetzel v. Liberty Mut. Ins. Co., 508 F.2d 239, 247 (3d Cir. 1975)).

First, Plaintiff's is entirely inadequate to serve as class representative in this matter.  From the outset of the litigation of this matter, Plaintiff has refused to engage in the litigation of this matter through a deposition.  Counsel for MCM first noticed Plaintiff's deposition on April 3, 2015, when it sent an email and a letter to Plaintiff's counsel enclosing a Notice of Deposition setting Plaintiff's deposition for May 15, 2015.  See MCM's First Notice of Deposition, which is attached hereto as Exhibit "A."  Plaintiff failed to appear for the noticed deposition.  On October 1, 2015, counsel for MCM sent counsel for Plaintiff an email asking counsel to confirm the availability of Plaintiff for a deposition on October 7, 2015, or October 9, 2015.  See MCM's counsel's October 1, 2015 email, which is attached hereto as Exhibit "B".  On October 2, 2015, counsel for Plaintiff sent counsel for MCM an email stating that counsel for Plaintiff was unavailable to sit for Plaintiff's deposition that week.  See counsel for Plaintiff's October 2, 2015 email, which is attached hereto and marked as Exhibit "C."

On January 26, 2016, counsel for MCM and counsel for Plaintiff attended a in-person status conference before Magistrate Steven C. Mannion. At the conclusion of the conference, Judge Mannion issued an Amended Scheduling Order stating that Plaintiff was to be produced for a deposition by February 26, 2016.  See ECF 25, paragraph 2.  On February 9, 2016, counsel for MCM, again, asked counsel for Plaintiff to provide a date for Plaintiff's deposition.  See counsel for Plaintiff's February 9, 2016 email which is attached hereto and marked as Exhibit "D".  In opposition to Judge Mannion's January 26, 2016 Order, Plaintiff was never produced for a deposition in regard to her claims against MCM or her ability and willingness to serve as a class representative in this matter.

Plaintiff's unwillingness to appear for a deposition is a clear indication that she is not adequate to serve as the class representative in this matter. MCM was deprived of the ability to ask Plaintiff whether she received or read the September 14, 2013 "Statement."  MCM was unable to assess whether Plaintiff suffered any damages as a result of her alleged receipt of the "Statement" or whether she has an interest in serving as the class representative in this matter.  Most importantly, MCM was unable to question Plaintiff regarding whether or not she had or has any interests which are antagonistic to the purported class.  Plaintiff's self-serving Declaration attached to her Motion for Class Certification should not be the only indicator of Plaintiff's ability to serve as an adequate class representative.  As the named Plaintiff in this matter, it was Plaintiff's duty to actively participate in the

18

litigation in this matter, a duty which Plaintiff blatantly ignored.  Thus, it is MCM's position that  Plaintiff's failure to appear for her deposition shows a clear inability on the part of Plaintiff to serve as the class representative in this matter.

Second, as mentioned earlier, the Card Agreement that Plaintiff entered into with Citibank, N.A. regarding her account at issue contained a class waiver and mandatory arbitration clause. The agreement stated that a debt collector is considered an assignee, therefore, including MCM under the agreement and permitting MCM to enforce the arbitration clause. The arbitration clause specifically states:

> **What Claims are subject to arbitration?**  All Claims relating to your account, a prior related account, or our relationship are subject to arbitration, including Claims regarding the application, enforceability, or interpretation of this Agreement and this arbitration provision.  All Claims are subject to arbitration, no matter what the legal theory they are based on or what remedy (damages, or injunctive relief) they seek.  This includes Claims based on contract, tort (including intentional tort), fraud, agency, your or our negligence, statutory or regulatory provisions, or any other sources of law; Claims made as counterclaims, cross-claims, third-party claims,, interpleaders or otherwise; and Claims made independently or with other claims. A party who initiates a proceeding in court may elect arbitration with respect to any Claim advanced in that proceeding by any other party.  *Claims and remedies sought as part of a class action, private attorney general or other representative action are subject to arbitration on an individual (non-class, non-representative) basis, and the arbitrator may award relief only on an individual (non-class, non-representative basis.* (emphasis added)

> **Whose Claims are subject to arbitration?** Not only ours and yours, but also Claims made by or against anyone connected with use or you or claim through us or you, such as a co-applicant or authorized user of your account, an employee, agent, representative, affiliated company, predecessor or successor, heir, assignee, or trustee in bankruptcy.

The terms and conditions additionally state:

> **What about debt collections?** We and anyone to whom we assign your debt will not initiate arbitration proceeding to collect a debt from you unless you assert a Claim against us or our assignee.  We and any assignee may seek arbitration on an individual basis of any Claim asserted by you, whether in arbitration or any proceeding, including in a proceeding to collect a debt…

Federal law strongly favors the arbitration of disputes and requires that courts rigorously enforce Arbitration Agreements. AT&T Mobility, LLC v. Concepcion, 131 S. Ct. 1740 (2011) ("[O]ur cases place it beyond dispute that the FAA was designed to promote arbitration.  They have repeatedly described the Federal Arbitration Act as 'embod[ying] [a] national policy favoring arbitration.'" (quoting Buckeye Check Cashing v. Caregna, 546 U.S. 440, 443 (2006)); see also Vaden v. Discover Bank, 129 S. Ct. 1262, 1271 (2009); Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983); see also Puleo v. Chase Bank USA, N.A., 605 F.3d 172, 178 (3d Cir. 2010) ("The FAA … establish[es] a strong federal policy in favor the resolution of disputes through arbitration)(internal citations omitted); Parisi v. Goldman, Sachs & Co., 710 F.3d 483, 486 (2d Cir. N.Y. 2013) (citing CompuCredit Corp. v. Greenwood, 132 S. Ct. 665 (2012)) (holding that the Supreme Court has consistently interpreted the FAA as establishing a "federal policy favoring

Arbitration Agreements").  In fact, Congress enacted the FAA to "reverse the longstanding judicial hostility to Arbitration Agreements ... and to place Arbitration Agreements upon the same footing as other contracts." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991); see also Vaden, 129 S. Ct. at 1271; Shearson/Am. Express, Inc. v. McMahon, 482 U.S. 220, 225-26 (1987).

Courts have repeatedly declined to invalidate arbitration agreements, even in the face of an alleged disparity in the parties' governing power. See AT&T Mobility, 131 S. Ct. at 140 (enforcing arbitration clause in cellular phone contract with consumer); Buckeye Check Cashing, 546 U.S. 440 (2006) (enforcing arbitration clause in alleged usurious payday loan agreement); Jenkins v. First American Cash Advance of Georgia, Inc., 400 F.3d 868 (11th Cir. 2005), cert. denied, 546 U.S. 1214 (2006); Harris v. Green Tree Fin. Corp., 183 F.3d 173 (3d Cir. 1999); see also Green Tree Fin. Corp-Ala. v. Randolph, 531 U.S. 79 (2000); Whitman v. Capital One Bank (USA), N.A., 2009 U.S. Dist. LEXIS 108203 (D. Md. Nov. 19, 2009) (arbitration clause enforced in a case filed by consumer against credit card company); Mark v. Portfolio Recovery Assocs., LLC, 2015 U.S. Dist. LEXIS 54498 (N.D. Ill. Apr. 27, 2015) (enforcing an arbitration clause in case filed by consumer against debt collector, who purchased account from original creditor); James v. Portfolio Recovery Assocs., LLC, 2015 U.S. Dist. LEXIS 20786 (N.D. Cal. Feb. 20, 2015) (arbitration clause enforced in case filed by consumer against debt collector, who purchased account from original creditor).

21

Plaintiff voluntarily waived her ability to maintain a class action claim against MCM because Plaintiff entered into a written agreement with Citibank, N.A., which contained a valid arbitration and class waiver provision.  Moreover, although MCM is a non-signatory party to the agreement between Plaintiff and Citibank, N.A., the Third Circuit has consistently enforced arbitration clauses when the non-signatory party is bound under traditional principles of contract and agency law.  See E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S., 269 F.3d 187, 194.  Such principles include agency and equitable estoppel.  See Trippe Manufacturing Co. v. Niles Audio Corp., 401 F.3d. 529, 532. (3d Cir. 2005).  Moreover, courts have held that Citibank agreements, which include "affiliates, successor, or assigns," permit enforcement of arbitration clauses of non-signatory parties.  See Delarosa v. CitiFinancial, Inc., 2012 U.S. Dist. LEXIS 34840 (E.D. Tex. March 15, 2012).  As such, Plaintiff does not have standing to maintain this matter as a class action.  Therefore, Plaintiff cannot serve as an adequate class representative.

Third, as part of its analysis of adequacy, the Court looks not just to the class representative, but also to class counsel.  In re Cendant Corp. Litig., 264 F.3d 201, 265 (3d Cir. 2011).  To meet this requirement, counsel must have the ability and incentive to represent the class vigorously.  Id.  The class representatives must "fairly and adequately protect the interests of the class," which requires a determination of, inter alia, whether the class attorney is capable of representing the class. Fed. R. Civ. P. 23 (a)(4); Little-King v. Hayt Hayt & Landau, 2013 U.S. Dist. LEXIS 129587, * 16-17 (D.N.J. Sept. 10, 2013)

22

(citing <u>Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 259 F.3d 154, 182 (3d Cir. 2001)).   Counsel must be *sufficiently qualified* to conduct the litigation and must have *prior experience conducting similar matters in the District*.   <u>See</u> <u>Weissman v. Philip C. Gutworth, P.A.</u>, 2015 U.S. Dist. LEXIS 8543, at * 10 (D.N.J. Jan. 23, 2015)(emphasis added) citing <u>Williams v. Pressler & Pressler, LLP</u>, No. CIV. 11-7296 KSH, 2013 U.S. Dist. LEXIS 139643, 2013 WL 5435068, at *9 (D.N.J. Sept. 27, 2013).

#### 4.    *Class Counsel*

The current named counsel for Plaintiff in this matter are Andrew R. Wolf, Esq. and Bharati Sharma Patel, Esq. of the Wolf Law Firm, LLC and Lawrence C. Hersh, Esq.  The Complaint in this matter was filed on September 12, 2014.  Mr. Hersh entered his appearance on behalf of Plaintiff on October 20, 2014. <u>See</u> ECF 7.  Mr. Wolf entered his appearance on behalf of Plaintiff on December 16, 2015, and Ms. Bharati entered her appearance on March 18, 2016.  See <u>ECF</u> 32 and 36.

Taking Lawrence Hersh, Esq. into account first, as mentioned above, Mr. Hersh entered his appearance on behalf of Plaintiff on October 20, 2014.  <u>See</u> ECF 7.   To date, Mr. Hersh and Daniel Rubin, Esq. have been the lead attorneys for Plaintiff in this matter.[3]  In the Declaration that Mr. Hersh filed in support of Plaintiff's Motion for Class Certification, he asserts that he contacted The Wolf Law Firm, which agreed to act as co-counsel in the present matter. <u>See</u> ECF 37-10, paragraph 6.  Mr. Hersh's Declaration further alleges that a

---

[3] On December 16, 2015, Daniel Rubin, Esq. withdrew his appearance on behalf of Plaintiff. <u>See</u> ECF 33.

substantial part of his practice is *currently* devoted to representing consumers in both individual and class action cases.  Id. at paragraph 7.  Mr. Hersh's Declaration is silent as to whether or not he has served as counsel in consumer matters that have been certified as class actions in the United States District Court for the District of New Jersey or any other jurisdictions.  See ECF 30-10.

As for Bharati Sharma Patel, Esq., she entered her appearance on behalf of Plaintiff on March 18, 2016, nearly eighteen (18) months after Plaintiff filed her Complaint against MCM.  See ECF 36.  Ms. Sharma's only involvement with this matter has been in connection with Plaintiff's Motion for Class Certification.  Moreover, a search of the dockets for the United States District Court for the District of New Jersey shows that Ms. Sharma has been entered as an attorney in only fifteen (15) matters, including the current matter, from December 22, 2010, to August 17, 2015.  Similar to Mr. Hersh's Declaration, Ms. Patel's Declaration is silent as to whether or not she has served as counsel in consumer matters that have been certified as class actions in the United States District Court for the District of New Jersey or any other jurisdictions. See ECF 37-2.  Moreover, the personal biography that Ms. Patel attached as an exhibit to her Declaration states that she *assisted* in achieving settlements in securities class actions.  See ECF 37-9.  However, Ms. Patel's personal biography makes no mention of Ms. Patel's involvement as counsel in consumer class action lawsuits in the United States District Court for the District of New Jersey or any other jurisdiction.  Id.

24

The third attorney, who entered his appearance on behalf of Plaintiff in this matter, is Andrew R. Wolf, Esq.  Mr. Wolf entered his appearance on behalf of Plaintiff on December 16, 2015, nearly fifteen (15) months after Plaintiff filed her Complaint against MCM.  See ECF 32.  To date, Mr. Wolf's only involvement in this matter has been appearing for the January 26, 2016 status conference before Judge Mannion.

The Declarations of both Mr. Hersh and Ms. Patel provide clear evidence that neither attorney is sufficiently qualified to conduct this litigation, as neither has prior experience acting as counsel in consumer class actions in the United States District of New Jersey.  Mr. Hersh admits in his Declaration that a part of his practice is *currently* devoted to representing consumers.  See ECF 37-10, paragraph 7.  Similarly, Ms. Patel's personal biography makes mention of her *assisting* in securities class action lawsuits, but is silent as to whether or not she has been counsel in a consumer class action lawsuit in this District which have been certified.  See ECF 37-9.  Ms. Patel attached to her Declaration a list of over 100 matters in which Mr. Wolf has been certified as class counsel.  See ECF 37-8.  However, Mr. Wolf's involvement in this matter has been minimal, with his appearance being entered on behalf of Plaintiff nearly fifteen months after the litigation of this matter began.  It is clear that both Mr. Hersh and Ms. Patel are attempting to utilize Mr. Wolf's experience to support their arguments that they are adequate class counsel.  Mr. Hersh has been lead counsel for Plaintiff since the filing of Plaintiff's Complaint, but he lacks the necessary experience to act as counsel in a class action.  Although

Mr. Wolf has the necessary class action experience, his experience should not be imputed to Mr. Hersh, so as to qualify Mr. Hersh as adequate counsel. Moreover, Ms. Patel does not have the requisite experience in the area of consumer law to serve as class counsel in this matter.

The docket for this matter, the record that has been established and the Declarations of Mr. Hersh and Ms. Patel show that both Mr. Hersh and Ms. Patel are inexperienced as counsel in consumer class action lawsuits, and that Mr. Wolf has had little involvement in this matter to date.  As such, Plaintiff cannot meet the requirements of Fed.R.Civ.P. 23(a)(4) because counsel for Plaintiff is not adequate.

### D.   *Plaintiff has failed to meet the requirements of Fed. R. Civ. P. 23 (b).*

Even assuming *arguendo* that Plaintiff satisfied the requirements of Fed. R. Civ. P. 23 (a), which she has failed to do, her request for class certification must nevertheless be denied.  In her Motion, Plaintiff claims to have met the requirements of Fed. R. Civ. P. 23(b) (3), which provides that an action may be maintained as a class action where the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members.  The record demonstrates otherwise.

When evaluating claims premised upon Fed. R. Civ. P. 23 (b)(3), the Rule specifically requires the court to consider "the difficulties likely to be encountered in the management of a class action."  Where the ease and cost of identifying class members is too great, then individual questions will predominate over common questions, and a class action will not be superior.

Notably, satisfaction of the 23(a) commonality requirement (or any of the Fed. R. Civ. P. 23 (a) requirements) is not an indication that 23(b)(3) is likewise satisfied. See Amchem Products v. Windsor, 521 U.S. 591, 623-24 (1997) (asserting that the predominance inquiry is "far more demanding" than the commonality requirement of Rule 23(a), as it "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation").

Here, any common questions of fact or law predominate individual issues, including:

- whether the debts of proposed class members were incurred for personal or household use;

- the specific amount of interest accruing on the owed balance of each debt;

- the original creditor associated with each debt;

- the specific content of each "Statement;"

- whether each consumer received and read each "Statement; and

- whether any of the proposed class members were actually deceived or confused by MCM's "Statements."

Plaintiff has pointed to no evidence demonstrating any common questions of law or fact and, therefore, has failed to demonstrate common questions of law or fact rendering class certification more appropriate than individual adjudication of the proposed class members' claims.

Similarly, Plaintiff has failed to establish that a class action is superior to other available methods of adjudication.  In order to determine whether

individuals are, in fact, members of the proposed classes, as was described above, the court would be required to conduct an analysis of each individual "Statement," and each individual proposed class member, *just to determine whether they are members of the class*.   Clearly, the court would encounter significant difficulty and expend significant time and money`, just to build the class, before actually engaging in adjudication of the class claims.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Defendant, Midland Credit Management, Inc. respectfully requests that this Honorable Court enter an Order denying Plaintiff's Motion for Class Certification.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.**

By:   */s/ Ronald M. Metcho / rmetcho*
RONALD M. METCHO
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2595 / (215) 575-0856 (f)
rmmetcho@mdwcg.com
Attorneys for Defendants
Midland Credit Management, Inc.

Dated: <u>April 18, 2016</u>