# THE WOLF LAW FIRM LLC

1520 U.S. Highway 130 | Suite 101 | North Brunswick | New Jersey | 08902
Telephone 732 545 7900 | Facsimile 732 545 1030

*www.wolflawfirm.net*
*info@wolflawfirm.net*

Andrew R. Wolf
Member NJ Bar

*Of Counsel*

Henry P. Wolfe
Member NJ, NY & MI Bars

Charles N. Miller
Member NJ Bar (Retired)

Bharati Sharma Patel
Member NJ & PA Bars

Kelly Samuels Thomas
Member NJ Bar

Matthew S. Oorbeek
Member NJ Bar

August 12, 2016

<u>*Via Electronic Filing*</u>
Honorable Steven C. Mannion, U.S.M.J.
United States District Court - District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room MLK 3C
Newark NJ 07101

        Re:        **Nepomuceno v. Midland Credit Management, Inc.**
        Case No:    **2:14-cv-05719-SDW-SCM**

Dear Judge Mannion:

      Pursuant to Your Honor's directive of August 5, 2016, please accept this correspondence on behalf of Plaintiff, Luzvimid Nepomuceno in lieu of a more formal brief in Opposition to Defendant Midland Credit Management Inc.'s Motion to Compel Plaintiff's Deposition filed on August 1, 2016. *ECF Doc. 50.*

      Plaintiff opposes Defendant's Motion to Compel her deposition as Defendant had ample opportunities to take her deposition prior to the February 26, 2016 Pre-Certification Discovery End Date. *ECF Doc. 35.* Plaintiff filed her Complaint on September 12, 2014. Defendant waited until April 3, 2015 to send a Notice of Deposition for Plaintiff to appear on May 15, 2015. That date, however, was unilaterally scheduled by Defendant without a coordination of the Parties' schedules. Plaintiff's counsel requested a new date because (1) Plaintiff's counsel had a conflict in his schedule on that day; (2) Plaintiff had not yet received Defendant's discovery responses and initial disclosures that complied with the requirement of the Court's scheduling order; and (3)

defense counsel was also representing Defendant in the individual case involving Plaintiff and Plaintiff's counsel was requesting that she be deposed on the same day for both matters. *See Exhibit A.*

The deposition was adjourned and Plaintiff next received an email from defense counsel dated October 1, 2015 and sent at 10:00 a.m. requesting deposition dates of October 7th or October 9th, barely providing one week notice. *See Exhibit A.* The following day, October 2, 2015, Plaintiff's counsel responded that the next week would not work but that both of Plaintiff's counsel were available the entire following week. *See id.* On October 5, 2015, defense counsel responded that he was concerned about conducting the deposition during the week of the 12th because of the discovery deadline. On October 6, 2015, defense counsel responded that "In light of the fact that discovery for this matter is set to end on Friday, October 9, 2015, and to protect my client's interests," he was attaching to the email an updated Notice of Deposition directed to Plaintiff setting the deposition for October 9, 2015, and was "hopeful that we can come to an agreement on an extension of the discovery deadline prior to Friday so that we can choose a mutually agreeable date for the deposition." *See Exhibit A.*

The parties obtained from the Court an extension of the discovery end date and Plaintiff's deposition was mutually scheduled to take place on February 16, 2016 at 8:30 a.m. *See Exhibit A.* At 2:42 p.m., the day before Plaintiff's deposition was to take place, defense counsel advised that he would not be able to start the deposition until 9:30 or 10:00 a.m. *See Exhibit A.* While Plaintiff's counsel was attempting to reach Plaintiff regarding the change in schedule, the weather became increasingly inclement and *ALL* parties mutually agreed to cancel the deposition due to the inclement weather. A new date was not scheduled and Plaintiff subsequently filed her Motion for Class Certification by March 18, 2016 pursuant to the Court's January 26, 2016 Amended Scheduling Order. *See ECF, Doc. No. 35.*

More importantly, Defendant has raised the issue of Plaintiff's deposition and argued that Plaintiff is inadequate as a class representative because of same in the briefing for Class Certification. In granting Class Certification, however, Judge Susan D. Wigenton rejected this argument and found that "the parties' failure to conduct Plaintiff's deposition before the close of discovery does not show that Plaintiff will inadequately represent the class. *6/13/16 Opinion on Motion for Class Cert. EFC. Doc. No. 45*.

Since the time for discovery has closed, and since Defendant served and Plaintiff responded to Defendant's discovery requests, and since Defendant had ample opportunities to depose the Plaintiff and the reason Plaintiff was not deposed was largely due to or contributed to by Defendant's actions or inactions, and since Judge Wigenton has considered and rejected Defendant's argument and granted Class Certification, Plaintiff respectfully requests that Defendant's Motion to Compel be denied.

        Respectfully,

        *s/ Bharati Sharma Patel*
        Bharati Sharma Patel

cc:    All counsel of record via ECF