# THE WOLF LAW FIRM LLC

1520 U.S. Highway 130 ‖ Suite 101 ‖ North Brunswick ‖ New Jersey ‖ 08902
Telephone 732 545 7900 ‖ Facsimile 732 545 1030

*www.wolflawfirm.net*
*info@wolflawfirm.net*

Andrew R. Wolf
Member NJ Bar

*Of Counsel*

Henry P. Wolfe                     Charles N. Miller
Member NJ, NY & MI Bars      Member NJ Bar (Retired)

Bharati Sharma Patel
Member NJ & PA Bars

Kelly Samuels Thomas
Member NJ Bar

Matthew S. Oorbeek
Member NJ Bar

August 12, 2016

**<u>Via Electronic Filing</u>**
Honorable Steven C. Mannion, U.S.M.J.
United States District Court - District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room MLK 3C
Newark NJ 07101

> **Re:**       **Nepomuceno v. Midland Credit Management, Inc.**
> **Case No:**   **2:14-cv-05719-SDW-SCM**

Dear Judge Mannion:

Pursuant to Your Honor's directive of August 5, 2016, please accept this correspondence on behalf of Plaintiff, Luzvimid Nepomuceno in lieu of a more formal brief in Opposition to Defendant Midland Credit Management Inc.'s Motion to Compel Individual Arbitration of Plaintiff's Claims filed on August 1, 2016.  *ECF Doc. 51.*

## I.   The Undisputed Facts Demonstrate Defendant Waived Its Right To Arbitration

Defendant waived any right to arbitrate by litigating the merits of Plaintiffs' claims and engaging in discovery for almost two years before moving for arbitration.  This Court long has assessed waiver of arbitration based on 1) timeliness; 2) extent of merits litigation; 3) notice; 4) extent of non-merits motion practice; 5) acquiescence to pretrial orders; and 6) extent of discovery. *See*, *e.g.*, *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 926-27 (3d Cir. 1992); *In re Pharmacy Benefit Managers Antitrust Litig.*, 700 F.3d 109, 117 (3d Cir. 2012) ("*In re PBM*")

(listing "*Hoxworth* factors").  All of these factors are demonstrated here by undisputed evidence that strongly supports finding waiver.

The touchstone for assessing waiver of arbitration is "prejudice" to the non-moving party. *In re PBM*, 700 F.3d at 117.  The Court has summarized the *Hoxworth* factors for assessing prejudice that results in waiver of arbitration as follows:

> [I]n  *Hoxworth*, we identified six non-exclusive factors to guide the prejudice inquiry:  (1) timeliness or lack thereof of the motion to arbitrate; (2) extent to which the party seeking arbitration has contested the merits of the opposing party's claims; (3) whether the party seeking arbitration informed its adversary of its intent to pursue arbitration prior to seeking to enjoin the court proceedings; (4) the extent to which a party seeking arbitration engaged in non-merits motion practice; (5) the party's acquiescence to the court's pretrial orders; and (6) the extent to which the parties have engaged in discovery.

*Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 451 (3d Cir. 2011).  All of these factors demonstrate waiver of arbitration here.

First, Defendant's motion to arbitrate was untimely in the extreme.  In *In re PBM*, the Court held that a "ten month delay" was "significantly longer than the cases in which we have found no waiver[,]" and thus that "this factor weighs in favor of finding waiver."  700 F.3d at 118; *see also Nino v. Jewelry Exchange, Inc.*, 609 F.3d 191, 210 (3d Cir. 2010)(15-month delay "dwarfs the delay involved in cases where we have found no waiver.").  Here, Defendant's delay of <u>almost 24 months</u> from the filing of the Complaint on September 12, 2014 (*ECF Doc. No. 1*) to their August 1, 2016 arbitration motion (*ECF Doc. No. 51*) dwarfs even the delays found to establish waiver in *Nino* and *In re PBM*.  This delay, thus, strongly supports a finding of prejudice and waiver here.

Second, during these roughly 23 months, Defendant contested the merits of Plaintiff's claims without raising arbitration.  In *In re PBM*, the Court found the defendant's filing of motions to dismiss and for reconsideration of denial of dismissal to weigh in favor of finding waiver.  700

F.3d at 118; *see also Hoxworth*, 980 F.2d at 925 (defendants' filing of motions to dismiss and to disqualify plaintiff's counsel supports finding waiver).  Here, Defendant filed:

- answers and affirmative defenses, *ECF Doc. Nos. 8, 22, 23* and

- an Opposition to Plaintiff's Motion for Class Certification, *ECF Doc. No. 41*.

Such litigation of the merits further supports finding prejudice to Plaintiff and waiver by Defendant.

Third, Defendant did not inform Plaintiff of its intent to seek arbitration until <u>almost 22 months</u> into the litigation, following a conference call with Judge Mannion's Chambers on July 1, 2016 to discuss a proposed scheduling order in light of the ruling granting Plaintiff's Motion for Class Certification.[1]  In *In re PBM*, the Court found a defendant's ten-month delay in notifying the plaintiffs of its intent to seek arbitration when it filed its motion to support finding waiver.  700 F.3d at 118-19; *see also Gray Holdco*, 654 F.3d at 457 (ten-month delay in giving notice with motion filing).  Here, Defendant's 22-month delay in giving notice of their intent to seek arbitration strongly supports finding prejudice and waiver.

Fourth, Defendant also engaged in non-merits litigation.  Much of this concerned discovery disputes, including a response to a letter from Plaintiff regarding Defendant's "deficient" discovery responses, *ECF Doc. No. 28*, and several joint letters filed by the parties with the Court outlining Defendant's discovery issues and Plaintiff's discovery issues. *ECF Doc. Nos. 24 & 34*.

Fifth, Defendant acquiesced to several pretrial orders.  Defendant complied without objection to the District Court's:

---

[1] Although Defendant raised the issue of arbitration in its Opposition to Plaintiff's Motion for Class Certification, it was in the context of Plaintiff's adequacy as a class representative. *ECF Doc. No. , pp. 19-23*. Defendant did not indicate a motion to compel her arbitration was forthcoming.

- Order for Scheduling Conference (*ECF No. 9*), by drafting a Joint Agenda Letter and participating in the conference;

- first Scheduling Order (*ECF No. 10*), by serving initial disclosures, exchanging discovery, filing a proposed discovery confidentiality order (ECF Doc. No. 12), submitting a joint agenda letter (*ECF Doc. No. 16*), submitting three joint status reports (*ECF Doc. Nos. 18, 24, 28*);

- Amended Scheduling Orders (*ECF Doc. Nos. 27, 29, 35*)

Defendant's acquiescence to a number of pretrial orders issued throughout the 23 months after they answered the Complaint further demonstrates prejudice and waiver.  *See*, *e.g.*, *In re PBM*, 700 F.3d at 119 (acquiescence to orders setting hearing on motions to dismiss and for reconsideration, setting pretrial conference, discovery scheduling); *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 223 (3d Cir. 2007) (acquiescence to two pre-trial scheduling orders).

Sixth, and finally, Defendant engaged in discovery before seeking arbitration.  Defendant responded to Plaintiff's interrogatories, requests for admissions and notice to produce documents. Defendant also provided supplemental responses to interrogatories and requests for production of documents, and a second supplemental response to interrogatories over the months.   Moreover, given that the Class was certified by Judge Wigenton on June 13, 2016, if Defendant's motion were granted, Plaintiff would be replaced by another class representative, resulting in further discovery.  The proper remedy for this extreme prejudice is a ruling that arbitration was waived. *See*, *e.g.*, *Nino*, 609 F.3d at 213 (finding waiver based on exchange of written discovery and attendance at four depositions); *Ehleiter*, 482 F.3d at 223 (finding waiver based on exchange of written discovery and expert reports, and participation in numerous witness depositions).

As a result of the foregoing, Plaintiff has expended over 190 hours of time litigating the case and over $96,000 in attorney's fees and costs.  The undisputed facts demonstrate considerable prejudice to Plaintiff, and thus that Defendant waived any right to arbitrate.

**II. MCM Has Not Satisfied Its Burden That A Valid Arbitration Agreement Even Exists Let Alone Should Apply In This Matter.**

Even if the Court finds that Defendant did not waive its right to compel Plaintiff's arbitration, Defendant's motion would still be insufficient by itself to establish an agreement to arbitrate. A debt buyer wishing to force the consumer's lawsuit into arbitration must produce evidence of an arbitration agreement and that the consumer has consented to that agreement. *See, e.g., Henggeler v. Brumbaugh & Quandahl, P.C.*, 894 F. Supp. 2d 1180, 1183-84, 1187 (D. Neb. 2012) (finding that the arbitration agreement appears to be a standard preprinted form that does not include a signature line for either party, the print is small and the quality of the reproduction is poor, there is no evidence that the agreement was mailed to the plaintiff, there is no indication that the plaintiff had any opportunity to change or negotiate the terms and holding that "Midland has not shown that a valid agreement to arbitrate exists. Midland has submitted only a generic cardmember agreement from Chase Bank. The agreement is unsigned and Midland has failed to provide evidence that Henggeler was a party to the agreement.").

The standard form agreement must be specifically linked to Plaintiff. The standard form agreement must not only be the contract that governs the creditor's transaction with the consumer, there must be evidence that the consumer signed the agreement or otherwise assented to it. *See Kulig v. Midland Funding, LLC*, 2013 U.S. Dist. Lexis 161960 (S.D.N.Y. Nov. 13, 2013) (finding that without any evidence that the plaintiff had even received the form contract or that she should have reasonably understood that she would assent to it by using her card, the defendant could not prove that she had agreed to arbitrate).

Here, Defendant attached as Exhibit A to its motion a document titled "Card Agreement". There is nothing on the face of the document that links it to Plaintiff – no name, no address, no card number, no dates, no signature, etc. More importantly, Defendant failed to provide any

affidavit(s) from its employees or Citibank's employees certifying what the document is or how it relates to Plaintiff or whether it was even sent to Plaintiff. Moreover, there is not even a Declaration from Counsel in support of the Motion explaining the exhibit or certifying that it's a true and correct copy.

Defendant's utter lack of evidence in this regard was raised in Plaintiff's Reply to Defendant's Opposition to Plaintiffs' Motion for Class Certification, *ECF Doc. No. 45*, pp. 9-11. In her Opinion granting Plaintiff's Motion for Class Certification, Judge Wigenton found that "[a]lthough Defendant did excerpt some language from the purported agreement in its Opposition, Defendant provided this Court with no evidence of the existence or scope of any such agreement." *ECF Doc. No. 45, p. 11*. And while Defendant did attach a purported arbitration agreement to its Motion to Compel, it appears to be a generic, pre-printed arbitration agreement, which fails to provide any evidence whatsoever of an agreement between Plaintiff and Defendant or the scope of such alleged agreement.

Thus, Defendant's Motion should be denied as it has provided no evidence of the existence of a valid arbitration agreement between Defendant and Plaintiff. Further, Defendant should not be given additional time to provide such evidence as it has had ample time to obtain it during the almost two years of litigation and a ruling on Class Certification in which its speculative evidence on an agreement to arbitrate was noted by Judge Wigenton.

At a minimum, however, Defendant's Motion should be stayed pending discovery on the alleged arbitration clause. In *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764 (3d Cir. 2013), the Court held that where, as here, an agreement to arbitrate is not apparent from the face of the complaint or the documents relied upon in the complaint, a motion to compel arbitration is treated as a motion for summary judgment under Rule 56, and the non-moving party must be

afforded limited discovery on the issue of whether the parties entered into a valid agreement to arbitrate:

> [W]hen it is apparent, based on "the face of a complaint, and documents relied upon in the complaint," that certain of a party's claims "are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay." *Somerset* [*Consulting, LLC v. United Capital Lenders, LLC*, 832 F. Supp. 2d 474,] 482 [(E.D. Pa. 2011)]. But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then "the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question." *Id.* After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard. In the event that summary judgment is not warranted because "the party opposing arbitration can demonstrate, by means of citations to the record," that there is "a genuine dispute as to the enforceability of the arbitration clause," the "court may then proceed summarily to a trial regarding 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same,' as Section 4 of the FAA envisions." Id. (quoting 9 U.S.C. § 4).

*Guidotti* at 776.

Here, there is nothing in the Complaint that even suggests the existence of an agreement to arbitrate. Nor does the Complaint rely upon the Citibank terms and conditions page or any other document containing an agreement to arbitrate. The claims are based on Defendant's alleged misconduct under the Fair Debt Collection Practices Act, arising from, *inter alia*, deceptive statements made in a debt collection letter. (see Amended Compl., ¶¶11-15), and do not allege a breach of any contract provisions, or even make reference to any contract provisions. Further, Defendant did not provide the alleged arbitration agreement during the discovery phase of the case. Therefore, under *Guidotti*, the Court cannot properly rule on Defendant's motion without affording Plaintiff discovery on whether the parties entered into a valid agreement to arbitrate.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Compel; or, in the alternative, stay the Motion pending additional discovery.

Respectfully submitted,

*s/ Bharati Sharma Patel*
Bharati Sharma Patel

cc:      All counsel of record via ECF