Bharati Sharma Patel, Esq.
THE WOLF LAW FIRM, LLC
1520 U.S. Highway 130 - Suite 101
North Brunswick, NJ  08902
(732) 545-7900 - TELEPHONE
(732) 545-1030 - FACSIMILE
bpatel@wolflawfirm.net

Lawrence C. Hersh, Esq.
LAW OFFICES OF LAWRENCE HERSH
17 Sylvan Street, Suite 102B
Rutherford, NJ 07070
(201) 507-6300 - TELEPHONE
(201) 507-6311 – FACSIMILE
lh@hershlegal.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LUZVIMID NEPOMUCENO, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.; and JOHN DOES 1 to 10,<br><br>Defendant. | CIVIL ACTION NO.:<br>2:14-cv-5719 (SDW)(SCM) |

**PLAINTIFF'S *MOTION IN LIMINE* TO EXCLUDE ALL EVIDENCE OR TESTIMONY REGARDING AVAILABILITY OF ATTORNEYS' FEES TO PLAINTIFF SHOULD SHE SUCCEED**

*On the Brief:*
The Wolf Law Firm, LLC
Bharati Sharma Patel, Esq.

I. **INTRODUCTION**

Pursuant to Fed. R. Evid. 402 and 403, plaintiff moves *in limine* and before jury selection, for an order by this Court to bar the reference of and exclude all evidence regarding the availability of attorneys' fees to Plaintiff should she succeed in this litigation. That evidence, if successful, is irrelevant to whether Defendant violated the FDCPA.

II. **LEGAL ARGUMENT**

Pursuant to the Fair Debt Collection Practices Act ("FDCPA"), "any debt collector who fails to comply with any provision of [the Act] with respect to any person is liable to such person in an amount equal to the sum of," among other things, "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). In *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991), the Third Circuit stated, "Section 1692k(a) sets forth the three standard components of liability for violations of the Act: it states that a debt collector who violates the act 'is liable' for actual damages, statutory damages as determined by the court, and a reasonable attorney's fee." 950 F.2d 107, 113 (3d Cir. 1991). Given the foregoing, "the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general," *Id*. Thus, a determination of reasonable attorneys' fees rests with the

Court. *See, e.g., id.* at 114 ("We conclude that, in a typical case under the Act, the court should determine what constitutes a reasonable fee in accordance with the substantial Supreme Court precedent pertaining to the calculation of reasonable attorney's fees.").

Because an award of attorney's fees is the province of the Court and not the jury, Plaintiffs moves to preclude any evidence related to its availability, on the grounds that such evidence is irrelevant and prejudicial. See, e.g., *Hamburger, v. Northland Grp., Inc.*, 2015 U.S. Dist. LEXIS 62523, *2-3 (M.D. Pa. Feb. 12, 2015).

That Plaintiff would be entitled to attorney's fees in the event of a favorable verdict is not relevant in determining a FDCPA action since the Court determines the award of attorneys' fees. *Id.* at *4-5. "Moreover, because this award is mandatory if Plaintiffs prevail at trial, there are no possible factual determinations that the jury would need to make related to it; the fee award would simply be part of the Court's mandated duties following a Plaintiffs' verdict. Finally, the potential award has no bearing on the jury's determination of liability, but rather is simply a consequence that flows from a favorable verdict. It therefore should not influence the way that the jury resolves the distinct factual disputes of the case." *Ibid.*

### III.   CONCLUSION

For the reasons stated above, Plaintiff asks this Court to grant her motion.

-4-

                              Respectfully submitted,

                              THE WOLF LAW FIRM, LLC

Dated: October 10, 2017        */s/ Bharati Sharma Patel*
                              Bharati Sharma Patel

                              Attorneys for Plaintiff