IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUZVIMID NEPOMUCENO, on behalf of herself and those similarly situated<br><br>　　　　　　　　Plaintiffs,<br>　　vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC. and JOHN DOES 1 to 10,<br>　　　　　　　　Defendants. | Civil Action No.<br>2:14-cv-05719-SDW-SCM<br><br>**MOTION TO ENFORCE THE PROVIDED SETTLEMET AGREEMENT AND RELEASE REGARDING THE OCTOBER 12, 2017 SETTLEMENT BY DEFENDANT, MIDLAND CREDIT MANAGEMENT, INC.** |

NOW COMES Defendant, Midland Credit Management, Inc. ("MCM"), by and through its counsel, Marshall Dennehey Warner Coleman & Goggin, P.C. which respectfully requests that this Honorable Court enforces the previously provided settlement agreement and release that was provided in this matter to counsel for Plaintiff, Luzvimid Nepomuceno ("Plaintiff"), stating as follows:

1.　On October 12, 2017 the parties to this matter reached a settlement. As part of the settlement MCM agreed to pay a monetary amount to Plaintiff in exchange for Plaintiff entering into a settlement agreement and release.

2.　To finalize the settlement of the matter, the parties engaged in a telephonic hearing with Magistrate Judge Steven C. Mannion in which the parties agreed to review the release entered in the "Barber" case, which was filed in the United States District Court for the District of New Jersey at docket number 2:16-cv-01538-WHW-CLW.[1]  (See the transcript of the October 12, 2017 telephonic hearing which is attached hereto and marked as Exhibit "A").

---

[1] The matter of <u>Casey Barbee v. Midland Funding, et al.</u> was filed in the United States District Court for the District of New Jersey on March 18, 2016 by Lawrence C. Hersh, Esq., who is counsel for Plaintiff, Luzvimid Nepomuceno in the current matter.

3. Although a settlement agreement and release between the parties was provided to review and was previously agreed upon in a recent matter by counsel of record for Plaintiff, Lawrence Hersh, Esq., counsel for Plaintiff refused to agree to the terms of the provided release.

4. Under New Jersey law, traditional contract law rules provide that a contract arises from the manifest intentions of the parties to engage in an offer and acceptance of sufficiently definite essential terms. *Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 435, 608 A.2d 280 (1992) (citations omitted); See also, *Friedman v. Tappan Development Corporation*, 22 N.J. 523, 531, 126 A.2d 646 (1956). To be enforceable, a contract must also be accompanied by consideration. *Friedman*, 22 N.J. at 533, 126 A.2d 646. Under New Jersey law, as long as "the parties orally agree on the essential terms," a contract formed. *McDonnell v. Engine Distributors*, Civil Action No. 03-1999, 2007 U.S. Dist. LEXIS 70925, 2007 WL 2814628, *3 (D.N.J. Sept. 24, 2007). "Indeed, as long as those essential terms are agreed to, 'the settlement will be enforced notwithstanding the fact that a writing does not materialize because a party later reneges.'" *Id.* (quoting, *Lahue v. Pio Costa, 263 N.J. Super 575, 596, 623 A.2d 775 (App. Div. 1993)).* This is true "'even though [the parties] contemplate the later execution of a formal document to memorialize their undertaking.'" *Id.* (quoting, *United States v. Lightman*, 988 F.Supp. 448, 459 (D.N.J. 1997)).

5. As per the transcript of the October 12, 2017 hearing with Magistrate Judge Mannion, MCM was under the directive that the release that was utilized by counsel for Plaintiff in the *Casey Barbee v. Midland Funding, et*

*al.* matter would be utilized in the current matter. However, counsel for Plaintiff reneged on the agreement, demanding considerable deviations from the release.

6. MCM, therefore, respectfully requests that this Honorable Court enforce the use of the original settlement agreement and release that was provided to counsel for Plaintiff in this matter by having the parties execute the original settlement agreement and release, so as to conclude this matter. MCM further requests that this Honorable Court allow for Plaintiff's counsel to be responsible for the fees and costs incurred by MCM in having to enforce the previously provided settlement agreement in this matter.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.**

By: */s/ Ronald M. Metcho / rmetcho*
RONALD M. METCHO
2000 Market Street, Suite 2300
Philadelphia, PA 19103
215-575-2595 / 215-575-0856 (f)
rmmetcho@mdwcg.com
Attorneys for Defendant
Midland Credit Management, Inc.

Dated:     December 15, 2017

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LUZVIMID NEPOMUCENO, on behalf of herself and those similarly situated** | Civil Action No. 2:14-cv-05719-SDW-SCM |
| Plaintiffs, | **CERTIFICATE OF SERVICE** |
| vs. | |
| **MIDLAND CREDIT MANAGEMENT, INC. and JOHN DOES 1 to 10,** Defendants. | |

I Ronald M. Metcho, Esq. certify that Defendant, Midland Credit Management, Inc.'s Motion to enforce the provided settlement agreement and release regarding the October 12, 2017 settlement was provided to all counsel via ECF on December 15, 2017.

 

                                          **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.**

By:   */s/ Ronald M. Metcho / rmetcho*
        RONALD M. METCHO
        Attorneys for Defendant
        Midland Credit Management, Inc.